## ROME RAILROAD CO. *v.* THOMPSON, and *vice versa.*

1. Where an action brought by a widow against a railroad company and the receiver of another railroad company, for the negligent killing of her husband, was on trial, and after the evidence had been closed the court, being of the opinion that no joint liability had been shown, required the

plaintiff to elect which of the defendants she would proceed against, and she elected to proceed against the defendant first named, this was in effect a dismissal of the action as to the receiver, and a verdict in the plaintiff's favor against the remaining defendant, supported by evidence showing liability on its part and making a case consistent with the allegations of the declaration, was lawful.

2. Although by reason of the court's requiring the plaintiff to so elect the trial was reduced to a controversy between the plaintiff and the defendant against which she elected to proceed, the judge did not err, while charging the jury, in stating to them how the case originally stood, nor in explaining its status at the time when the charge was being given ; nor, under the circumstances, was there any error in practically restricting the jury to the consideration of such parts only of the evidence as illustrated and threw light upon the liability or non-liability of this defendant.

3. Where a platform constituting a part of a contrivance for weighing cars is so constructed as to become a portion of a railroad-track which is used, not only when cars are weighed, but also generally for switching them from place to place in the yard of the company wherein such track is situated, and where in the course of this work cars are constantly rolled over such platform, the party upon whom rests the duty of keeping and maintaining the entire track in a safe condition is bound to keep such platform in like condition, because the duty referred to relates to this portion of the track as much as to any other portion of the same.

4. A railroad company which rents and gives complete possession and control of its yard and the tracks therein to the receiver of another railroad company in consideration of a stipulated rental in money and an undertaking by the tenant to do certain switching for the landlord in the yard, but which remains bound to keep such tracks in a safe condition, is, relatively to the receiver's employees, under a duty of so keeping the tracks as to render their use harmless to these employees, and is responsible to one of the latter for the consequences of its own negligent failure to comply with this duty.

5. The court in the present case committed no error in stating to the jury what were the main contentions between the parties, the same being whether or not the defective platform which occasioned the death of the plaintiff's husband was a portion of the track upon which he was killed, and whether or not the railroad company was, relatively to the deceased, under a duty of keeping this platform in repair. The instructions with reference to these matters, complained of in the motion for a new trial, were free from substantial error.

6. The instruction that if the railroad company and the receiver were under a joint duty of keeping the track in repair the plaintiff could not recover, was certainly not erroneous as against the railroad company.

7. The charge as to the presumption of negligence arising against the railroad company, even if abstractly correct, was inapplicable to the facts of this case, but it was harmless, because the evidence demanded a finding that the platform above referred to was a portion of the track in which it was situated, that the railroad company was under the duty of keeping this platform in safe condition, and that it had negligently failed to do so.

8. Some of the charges complained of, while not absolutely accurate in phraseology, were in the main correct, and when taken in connection with all the instructions given to the jury, could not have misled them, nor resulted in injury to the defendant against whom the verdict was rendered.

9. The alleged negligence of the deceased in violating a rule forbidding the coupling of cars without a stick was not proved, the rule in question not being applicable to the facts of the present case.

10. There was no error in denying a nonsuit; the charges complained of and not already referred to in the preceding notes were not erroneous. There was no error in the court's remark in admitting certain evidence that it was "a circumstance" to be considered by the jury; there was error in refusing to admit certain evidence, but it was harmless and immaterial, as the main fact sought to be established by this evidence was otherwise abundantly proved, and practically undisputed. On the whole the verdict was fully supported by the evidence, and no sufficient cause for a new trial appears.

11. Whether in the present case the court did or did not err in requiring the plaintiff to elect which defendant she would proceed against, inasmuch as she did make an election and obtain a verdict and judgment against one of the defendants, which in the trial court she sought to sustain and is now asking this court to affirm, she can not at the same time maintain a writ of error seeking to reverse the judgment requiring her to make the election, the two positions being entirely inconsistent. Had she desired to stand squarely upon her alleged right to obtain a joint judgment against both defendants, she ought, upon being required to make the election, to have declined to go on with the trial, and to have excepted to the court's action in denying her the right to proceed against both defendants.

Argued April 13–14, — Decided May 5, 1897.

Action for damages. Before Judge Henry. Floyd superior court. January term, 1896.

*W. W. Brookes* and *W. T. Turnbull,* for Rome Railroad Co. *King & Spalding,* for the receiver.

*Fouché & Fouché* and *C. T. Clements,* contra.

COBB, J. Mrs. Thompson brought suit against the Rome Railroad Company and the receiver of the Chattanooga, Rome & Columbus Railroad Company, for damages resulting to her from the death of her husband. At the opening of the trial a motion was made to require the plaintiff to elect which defendant she would proceed against. The court declined to rule upon this motion until all the evidence had been introduced, when an order was passed, adjudging that plaintiff was not entitled to proceed against both defendants, and requiring

her to elect the one she desired to proceed against, and to discontinue as to the other. Under compulsion of this order she elected to proceed against the Rome Railroad Company; whereupon an order was passed dismissing the case as to the receiver of the other company. The trial resulted in a verdict for the plaintiff, and a motion for a new trial was overruled. The defendant excepted to the refusal to grant a new trial; and the plaintiff by cross-bill assigns error upon the ruling requiring her to elect.

1. When the plaintiff elected under the direction and order of the court to proceed against the Rome Railroad Company, this was in effect a dismissal of her action as to the receiver, and whether a verdict in her favor against the remaining defendant would be lawful or not would depend upon the allegations in the petition and the proof offered in support thereof. As the allegations in the petition were sufficient to make a case of liability against the Rome Railroad Company, independently of the receiver of the other railroad company, and as the evidence on the trial supported the allegations, a verdict in favor of the plaintiff against the Rome Railroad Company was lawful and will be upheld.

2. The effect of the court's compelling the plaintiff to elect to proceed against one of the defendants only, was to reduce the trial to a controversy between the plaintiff and the defendant against whom she elected to proceed. It was necessary, however, for the judge in his statement of the case to the jury to give a history of the case from the pleadings; and there was no error in his explaining how the case was originally begun against two defendants, and was then on trial under the court's direction and order against one defendant only; nor was there any error, under the circumstances of this case, where the election was required after evidence tending to show liability on both defendants was introduced, in restricting the jury to the consideration of such parts of the evidence only as threw light upon the question of the liability or non-liability of the defendant against whom a verdict was asked.

3. The plaintiff's husband lost his life through a defect in a platform which had been erected as a part of a contrivance

for weighing cars. This platform was constructed in such a way as that cars could be carried from the track in the yard upon the track on the platform, and that part of the track upon the platform was so arranged that it could be connected with the tracks at either end of the platform and used as a track merely when the scales were not in use, and it was con-. stantly so used. The section of the track which was upon the platform thus became, when not in use for weighing cars, a part of the track in the railroad-yard. The duty to keep the track in the yard free from defects which would be dangerous to persons rightfully upon its track in the discharge of their duties in the yard would require that the woodwork of this platform be kept free from such defects. Therefore upon whichever company rested the obligation to keep the tracks generally in repair, the obligation rested to keep the platform in repair.

4. The Rome Railroad Company was the owner of the yard and tracks. It rented and gave complete possession and control of them to the receiver of the Chattanooga, Rome & Columbus Railroad Company, in consideration of a stipulated rental in money and an undertaking by the tenant to do certain switching for the landlord in the yard; but, under the view we take of the evidence, and as found by the jury, the Rome Railroad Company remained bound to keep the tracks in safe condition. The failure to keep in repair the platform which had been let into the track, thereby becoming a part of it, being a failure on the part of the Rome Railroad Company to keep the track in safe condition, and the evidence showing that this failure on its part was negligent, there was a breach of the duty which the Rome Railroad Company owed to the employees of the other company using the yard, and it became thereby liable to the widow of the employee who lost his life as a result of such negligence.

5. The main contentions in this case being whether or not the defective platform which occasioned the death of the plaintiff's husband was a portion of the track, and whether or not the railroad company was under a duty, relatively to the deceased, to keep this platform in repair, the court committed no error in

the way in which such contentions were stated to the jury, and the instructions with reference to these matters were free from substantial error.

6. That the court instructed the jury that if the railroad company and the receiver were under a joint duty of keeping the tracks in repair, the plaintiff could not recover, can not be complained of by the railroad company. Such instructions, even if erroneous, were not harmful to the railroad company, as the duty owed by it to the plaintiff's husband was several and independent.

7. The evidence in the case demanded a finding that the platform was a portion of the track in which it was situated, and that the Rome Railroad Company was under the duty of keeping it in safe condition, and that it negligently failed to do so; therefore a charge as to the presumption of negligence arising against the railroad company, though entirely inapplicable to the facts, will not be sufficient to require the granting of a new trial.

8. While some of the charges complained of are not absolutely accurate, they are in the main correct, and when considered in connection with all the instructions given to the jury, such inaccuracies could not have misled the jury, nor resulted in any injury to the defendant.

9. The failure of the deceased, who was not an employee of the defendant, to comply with a rule of the company by which he was employed, requiring a stick to be used in making couplings, even if it had been proven, would not have been sufficient to have defeated a recovery in the case, as his death was produced, not by such a failure, but by a negligent act on the part of the defendant whose duty it was to keep the tracks in repair.

10. As the evidence for the plaintiff made out a case which authorized a verdict, there was no error in denying a nonsuit. The various charges complained of which have not been referred to were not erroneous. No harm could possibly have come to the defendant by the court's remark in admitting certain evidence that it was "a circumstance" to be considered by the jury. There was error in refusing to admit certain evi-

dence; but as the main fact sought to be established by this evidence was otherwise abundantly proved and practically undisputed, this error was harmless and immaterial. Taking the record as a whole, we find the verdict fully supported by the evidence, and we find no error to have been committed by the trial judge, of sufficient importance to require the grant of a new trial.

11. The plaintiff elected, under the court's order, to proceed against one of the defendants originally sued; and having proceeded against such defendant and obtained a verdict, which she is now endeavoring in this court to hold, she will not be allowed to insist here that the court erred in compelling her to so elect. Her cross-bill of exceptions must, therefore, be dismissed. If she had desired to take advantage of the alleged error of the court in requiring her to elect, she should have declined to proceed with the trial, submitted to a dismissal of the entire case, and excepted to the judgment so rendered against her.

*Judgment on main bill of exceptions affirmed; cross-bill dismissed. All the Justices concurring.*