1304.  ATTLETON *v.* BIBB MANUFACTURING COMPANY.

The allegations of the petition, considered most favorably for the plaintiff, did not set forth a cause of action, and there was no error in sustaining a general demurrer thereto and dismissing the petition.

Action for damages, from city court of Macon—Judge Hodges. June 26, 1908.

Submitted October 29, 1908.—Decided March 16, 1909.

*Feagin & Urquhart,* for plaintiff.

*Hardeman, Jones & Johnston,* for defendant.

HILL, C. J.  Attleton brought suit in the city court of Macon against the Bibb Manufacturing Company, to recover damages for personal injuries. Demurrers, both general and special, to the plaintiff's petition were sustained. To this ruling the plaintiff excepts. It is only necessary to pass upon the judgment sustaining the general demurrer. The allegations of the petition, briefly stated, are as follows: Plaintiff was an employee of the defendant company. He was 62 years of age and in sound health, and had been in the employ of said company for about five months, in its yarn factory, in the capacity of card grinder. His duties were "to grind cards, look after and keep on all of the belts of the card-machines, and keep them running. The card referred to is a manufacturing machine which cards the cotton and prepares it for the drawing frames. . . There are upon each machine five belts, which petitioner was required to watch, keep on, and keep running." He was required to look after a number of these

machines. He alleges, that the machines were situated in rows, with alleys about five feet wide between each row, and with a space varying from sixteen to twenty-five inches between each machine; that defendant knew of the dangerous nature of the machines in question when being operated as petitioner was required to do, and, for the purpose of furnishing light to enable petitioner to see how to perform his work as night approached, had suspended overhead and down the center of each alley, between the rows of machines, electric lights; that on February 1, about 5:40 o'clock in the afternoon, when it was dark, petitioner was engaged in the performance of his duties, in attempting to run on the driving-belt of one of the machines in question, and, in order to do this, it was necessary for him to go between the pulleys of two cards, in a space about sixteen inches wide; that he was caught by the driving-belt of one of the cards and was thrown with great force and violence into the doffer-gear of the grinding card, terribly lacerating and breaking his right arm. He alleges, that at the time he was injured, the electric lights suspended above the machines were out of order and not burning; that the defendant knew of their defective condition, and had promised repeatedly to have them repaired, and that his failure to do so was negligence. He further alleges, that he was commanded by defendant to do this work; that he was without fault or negligence, but that by reason of the insufficiency of the light, the engrossing nature of his duties, and his ignorance of the dangers incident to this work at this particular time, not having been warned of them by the superintendent, he was injured as before stated.

There is no error in the judgment excepted to. Conceding the truth of all properly pleaded allegations of the plaintiff's petition, the defendant is not liable. The plaintiff had been working in the defendant's mill as a card-grinder for about five months. Part of his duty as such was to adjust belts on the carding-machines when they slipped out of place. He was in a position to know the dangers incident to this kind of work. It is difficult to see why, by the exercise of ordinary powers of observation, he could not have at the time ascertained whether there was sufficient light for him to attempt, without hazard, to operate the moving machinery in the manner required of him. His close proximity to the machinery at that particular time, and his familiarity with

the work to be done, gave him a peculiar advantage in determining the perilous nature of the undertaking. The fact that it was dark was obvious, and in the dark it was manifestly dangerous to go between the moving machinery and attempt to adjust the belt. "If the plaintiff by ordinary care could have avoided the consequences to himself caused by the defendant's negligence, he is not entitled to recover." Civil Code, §3830. A servant is required to exercise his own skill and diligence to protect himself; and, "in suits for injuries arising from the negligence of the master in failing to comply with the duties imposed," etc., "it must also appear that the servant injured did not know and had not equal means of knowing such fact, and by the exercise of ordinary care could not have known thereof." Civil Code, §2612. As was said by Mr. Justice Lamar, in a case very much in point: "The resulting darkness was self-evident. The plaintiff knew that the lamp had been removed, and was instantly charged by law with the duty of avoiding the consequences likely to flow therefrom. He would have no right to continue work about dangerous and moving machinery, even though the darkness had been caused by the negligence of the superintendent in removing the light. Under such circumstances, instead of getting into the machine, he should have stood still or gone from it." *Skipper* v. *Southern Cotton Oil Co.*, 120 *Ga.* 940 (48 S. E. 359).

The promise of the superintendent to have the lights repaired did not excuse the negligence of the plaintiff in working near the revolving machinery in the dark. It is clear that the servant is chargeable with knowledge of the conditions, where the defect was one of such an obvious kind that, if he had been making ordinary use of his eyesight at the time he was injured, he could not have failed to observe that it had not been repaired. 1 Labatt on Master and Servant, §432. If the superintendent had ordered the plaintiff, in so many words, to adjust the belting in the dark, he would not have been justified in obeying; as to do so was manifestly dangerous. A compliance with a command from which it is evident to the servant that injury will likely result, and where to do so would be obviously rash, throws upon him the burden of assuming the risk. It is not the policy of the law that a person who wantonly places himself in a perilous situation, even though commanded by another to do so, can escape the consequences of

his own negligence in so doing. "Even the direct and immediate order of the master will not justify a servant in rashly exposing himself to a known and obvious danger; and if, in compliance with the command in such cases, the servant be injured, he can not recover of the master therefor." *Southern Cotton Oil Co.* v. *Gladman,* 1 *Ga. App.* 260 (58 S. E. 249). We recognize the principle that the direct order of the master to the servant to do a particular piece of work at a specified time, especially where the danger is known to the master but unknown to the servant, which results in injury to the servant, may be shown by the servant as a circumstance tending to excuse him from that degree of caution which he would otherwise be called upon to exercise. But under the allegations of the petition in the present case, it appears that, while the plaintiff was under a general order of the superintendent to attend to the carding-machine in question, he was not injured by reason of compliance with a direct command to adjust the belt at this particular moment, when it was too dark for him to see how to do so with safety. No emergency or pressing exigency so engrossed his attention as to prevent him from realizing the danger of working in the dark in close proximity to running machinery, the. dangerous character of which he well knew. The allegations of the petition in this case are in no wise analogous to the facts in *King* v. *Seaboard Air-Line Ry.,* 1 *Ga. App.* 88 (58 S. E. 252). 　　　　*Judgment affirmed.*