*A. H. Thompson* and *E. R. Bradfield*, for defendant.

---

FARRER *v.* EDWARDS.

1. Where a court announces that a demurrer to a petition is sustained, but before judgment to that effect is entered allows the plaintiff to amend, and he does amend so as to prevent a dismissal of the suit, an exception upon the ground that he was forced to amend will not avail him. If he sees fit to meet the ruling of the court by offering an amend

ment, he waives his right to except to the ruling holding that his pleadings are open to the attack made by the demurrer.

2. The exception to the court's remark that "the lien is admitted—not as a lien that the defendant owes the. plaintiff anything," upon the ground that it was calculated to prejudice the jury against the plaintiff, was without merit.

3. Where a petition seeking the foreclosure of a mechanic's and materialman's lien was amended by the addition of a bill of particulars setting forth the items of the work done and the materials furnished by the plaintiff, and where the court held that the petition was not good as seeking to foreclose a lien, but that the suit could proceed as an action upon an open account, and the jury returned a verdict for the defendant, the ruling just stated will not be a ground for reversal of the judgment of the court; because, if the defendant was not indebted to the plaintiff in any sum for materials furnished or work done, the plaintiff was not entitled to a verdict and judgment establishing a lien.

JANUARY 15, 1916.

Lien foreclosure.    Before Judge Brand.    Fayette superior court. December 5, 1914.

T. B. Farrer brought suit alleging that he had entered into a contract with the defendant, J. T. Edwards, under the terms of which the plaintiff was to do certain building and remodeling and to make certain improvements upon specified buildings, for which the defendant was to pay him a stated sum, that being the actual expense incurred in making the improvements. Plaintiff complied with his contract and completed it on September 13, 1910. He claimed a lien upon the real estate and had recorded his claim of lien as required by law; and the suit was filed within twelve months after his claim became due. He prayed a judgment against the defendant for the amount of his claim, and a specific judgment against the real estate. When the case came on for trial, an oral demurrer to the petition was submitted, "on the ground that if the facts set up in said case were true the same would not set up a cause of action on which plaintiff could legally recover." The court sustained the demurrer, and the plaintiff timely filed exceptions pendente lite. After recitals to the foregoing effect, the bill of exceptions continues: "That at the same term of the court the plaintiff amended his petition, and the suit came on to be heard at the September term of Fayette superior court, 1914 [this being two terms after that at which the demurrer was sustained]; and the jury having been stricken, evidence was offered for plaintiff, and the plaintiff offered the original lien sued'

on in evidence, and which constituted the basis of the suit as it now stands, and which the plaintiff sought to foreclose, and which sets out a legal cause of action which the suit was predicated on, and which the court refused to allow as evidence of any special lien, but only allowing same as a history of a transaction between the parties plaintiff and defendant; and to this ruling and judgment of the court plaintiff excepted then, and now excepts and assigns same as error thereon, in excluding the lien as set up only as a history of a transaction, and that said lien should have its full power and legal effect as the law gives in proceedings to foreclose a workman's and mechanic's lien." Other evidence was introduced by both parties. After the charge of the court the jury returned a verdict for the defendant. The plaintiff made a motion for a new trial, which was overruled, and he excepted.

W. B. Hollingsworth, for plaintiff.   J. W. Wise, for defendant.

BECK, J.   (After stating the foregoing facts.)

1. While the bill of exceptions, as appears from the statement of facts, recites that the oral demurrer was sustained, apparently no order was taken sustaining it, but the plaintiff was allowed to amend, as was set forth in the bill of exceptions. Construing these two recitals together, they must be taken to mean that the court, after announcing that the demurrer was sustained but before a judgment was taken to that effect, allowed the plaintiff to amend, and that the exception is really to an order which forced the plaintiff to amend. In that case the plaintiff in error has no valid ground of exception. If he believed his petition was good as it stood, he should have stood upon that petition without amendment, and have excepted to the order of the court sustaining the demurrer.

2. The exception to the court's remark that "the lien is admitted—not as a lien that the defendant owes the plaintiff anything," upon the ground that it was calculated to prejudice the jury against the plaintiff, was without merit.

3. Under the rulings of the court complained of, the plaintiff, who was seeking to foreclose a mechanic's and materialman's lien, after filing a bill of particulars by way of amendment, proceeded with the suit as one upon an open account; but the jury found that the defendant was not indebted to the plaintiff in any sum for materials furnished or work done, and that verdict was authorized

by the evidence. We do not think, therefore, that even if under the pleadings as they stood the court should have held that the petition was one for the foreclosure of a lien, instead of holding that it was merely a suit upon an account, the plaintiff was injured thereby; because, if the defendant was not indebted to the plaintiff in any sum for work done or for materials furnished, the plaintiff could not have obtained a verdict and judgment setting up a lien on the premises whereon it was alleged that the improvements were made.

*Judgment affirmed. All the Justices concur, except Fish, C. J., absent.*