## 11479. CLARK *v.* LONG, for use, etc.

JENKINS, P. J.   1. A tenant cannot, in a suit against him for rent, dispute the title of his landlord with whom he has actually contracted as such, even though it might have been then and there known by each of the parties to the agreement that the title to the premises was in fact in another. *Strickland* v. *Styles,* 107 *Ga.* 308 (3) (33 S. E. 85); *Spence* v. *Wilson,* 102 *Ga.* 762 (29 S. E. 713); *Hawkins* v. *Tanner,* 129 *Ga.* 497 (59 S. E. 225). See also Civil Code (1910), § 3609 (3).

2. Where a suit for rent is instituted by the party with whom the actual contract of tenancy was made, it is permissible for him to amend the petition by setting out the name of the true owner for whose use the suit is brought.   The rule would be otherwise, and such an amendment not be permissible, where the plaintiff has no right of action in himself; as where the contract was made by the plaintiff not in his own behalf as landlord, but merely as an agent of the true owner. *State* v. *Bank of Quitman,* 117 *Ga.* 849 (45 S. E. 236); *Terrell* v. *Stevenson,* 97 *Ga.* 570 (1) (25 S. E. 352); *Richmond & Danville R. Co.* v. *Bedell,* 88 *Ga.* 591 (15 S. E. 676). Since the evidence authorized the conclusion that the plaintiff contracted with the tenant in his individual name as landlord, and was not acting merely as the agent of his wife, the suit was maintainable as originally brought; nor was its true character, so far as the defendant is concerned, in any wise altered by the allowance of the amendment.

3. The judgment of the municipal court was authorized by the evidence, and the judge of the superior court did not err in overruling the certiorari.   *Judgment affirmed. Stephens and Smith, JJ., concur.*

DECIDED NOVEMBER 10, 1920.   REHEARING DENIED JANUARY 20, 1921.

Certiorari; from Fulton superior court — Judge Bell.   March 20, 1920.

*Madison Richardson,* for plaintiff in error.

*Walter A. Sims,* contra.

### ON MOTION FOR REHEARING.

JENKINS, P. J.   Counsel for the plaintiff in error files his motion for rehearing in this case, the contentions being in substance as follows:   (1) that the evidence does not authorize the conclusion that Long acted in his individual capacity as landlord, in entering into the rent contract with the tenant Clark; and (2) that, the trial judge having ruled that the suit as originally instituted

in the plaintiff's individual name was not maintainable, and Long having submitted to that ruling and having sought to conform thereto by amending his suit so that it would be maintained in his name for the use of the true owner, he thereby became bound by the ruling even if erroneous, and could not be heard to complain of it here, even had exceptions been entered (as was not the case) upon the ruling to which he had thus submitted. He cites as authority for this position the following cases: *Rome R. Co.* v. *Thompson,* 101 *Ga.* 26 (11), 32 (28 S. E. 429); *Glover* v. *Savannah &c. Ry. Co.,* 107 *Ga.* 34 (3) (32 S. E. 876); *Morris* v. *Wofford,* 114 *Ga.* 935 (1) (41 S. E. 56); *Waller* v. *Clarke,* 132 *Ga.* 830 (3), 833 (64 S. E. 1096); *Central Ry. Co.* v. *Waldo,* 6 *Ga. App.* 840 (1), 842 (65 S. E. 1098).

We think that the holding of this court to the effect that " the evidence authorized the conclusion that the plaintiff contracted with the tenant in his individual name as landlord" is amply authorized by the evidence shown in the record. As is pointed out by counsel in their motion for a rehearing, and as was intimated by this court in what was said in the first paragraph of the decision, we think it plainly apparent that the actual title to the premises was in the wife of the plaintiff, and it also seems clear that the defendant Clark was aware that such was the fact. It does not appear, however, that the contract involved in the litigation was entered into for her and in her name by Long as agent. On the contrary, the evidence not only authorizes the conclusion, but seems to show, that Long, acting for himself as landlord, rented the land to Clark as tenant. In his evidence he speaks of what was offered to him as rent and of what he rented it for. In one place he testified: " My father willed the land to my wife, and she owns it. My wife authorized me to rent it. I was to settle with her and pay her the proceeds of what I got out of it." The fact that he swears that he had authority to rent it is not inconsistent with the idea that he had authority to rent it, and did actually rent it, in his own name.

It is well settled that where a party submits to a ruling on pleadings by filing an amendment to meet an objection raised thereto, he waives his right to complain that the amendment was not necessary *Glover* v. *Central Ry. Co.,* supra; *Atlantic Coast Line R. Co.* v. *Hart Lumber Co.,* 2 *Ga. App.* 88 (58 S. E.

316); and this is true even though the party making such an amendment may enter specific exceptions to the judgment which rendered the amendment necessary. We do not see, however, how this principle of law could aid the defendant in the case before us. As we view it, it was within the rights of the plaintiff to maintain the suit for rent in his own name as landlord just as originally brought, on the theory that the contract had been thus entered into, or it was his privilege to amend the petition by suing in his name for the use of the actual owner of the land. Since the suit was maintainable as originally brought, he should not have been required to thus amend, but since such an amendment, though unnecessary, was proper, and since he proved his case as finally laid, it would seem to be altogether immaterial whether the amendment was voluntarily made or not. Had the amendment not only been unnecessary but improper, or had the plaintiff failed to prove his petition as amended, he could not thereafter, either with or without such a specific exception, be heard to complain of the ruling which required him to amend and which he actually submitted to. In other words, were the plaintiff's case dependent upon his attacking the order of the judge to which he has submitted, his case would fail; but since the amendment, though unnecessary, was proper, and since he is able to stand upon his case as we find it, it is not necessary for him to run counter to the rule of law which the defendant invokes.

*Rehearing denied. Stephens and Hill, JJ., concur.*