### 11775. McConnell *v.* Frank E. Block Company.

Jenkins, P. J. 1. The rule is well settled that where a question as to the sufficiency of the pleadings has been raised by demurrer, and the pleader seeks to conform to an adverse ruling by amending them so as to meet the objection and prevent a dismissal, he will not thereafter be heard to complain that the antecedent ruling to which he has thus submitted was erroneous, or that the amendment was unnecessary. *Glover* v. *Savannah R. Co.*, 107 *Ga.* 34 (3) (32 S. E. 876); *Rome R. Co.* v. *Thompson*, 101 *Ga.* 26 (28 S. E. 429); *Hamer* v. *White*, 110 *Ga.* 300 (34 S. E. 1001); *Atlantic Coast Line R. Co.* v. *Hart Lumber Co.*, 2 *Ga. App.* 88 (2) (58 S. E. 316); *Farrer* v. *Edwards*, 144 *Ga.* 553 (87 S. E.

777); *Clark* v. *Long*, 25 *Ga. App.* 808 (105 S. E. 654, 655). Where, however, exception is taken not to the antecedent ruling on the original petition but to a final judgment dismissing the petition on a subsequent adjudication under a renewed demurrer, and after the plaintiff has sought to conform to the previous ruling by exercising the right given him to amend his pleadings so as to meet the objection raised, the antecedent ruling will be accounted as conditional only, especially where it did not expressly dismiss the petition (*Ga. Ry. & Power Co.* v. *Kelly*, 150 *Ga.* 698, 105 S. E. 300; *Olds Motor Works* v. *Olds Oakland Co.*, 140 *Ga.* 400, 78 S. E. 902; *Clark* v. *Ganson*, 144 *Ga.* 544, 87 S. E. 670; *Steed* v. *Savage*, 121 *Ga.* 84, 48 S. E. 689; *Canuet* v. *Seaboard Air Line Ry.*, 128 *Ga.* 41, 57 S. E. 92); and such "a conditional order of dismissal made on the hearing of a previous demurrer to the original petition concludes nothing." *Folsom* v. *Howell*, 94 *Ga.* 112 (21 S. E. 136).

2. While it is the duty of the master to use ordinary care in seeing that the machinery furnished to his servants shall be reasonably safe for all persons who operate it with ordinary prudence, and that it shall be equal in kind to that in general use, it is nevertheless true that, in suits for injuries arising from the negligence of the master in failing so to do, it must appear that the master knew or ought to have known of such defects, and that the servant, injured "did not know and had not equal means of knowing such fact, and by the exercise of ordinary care could not have known thereof." Civil Code (1910), §§ 3130, 3131. While in the decision of this court in *King* v. *Seaboard Air-Line Railway*, 1 *Ga. App.* 88 (58 S. E. 252), followed in *Brown* v. *Rome Foundry Co.*, 5 *Ga. App.* 142 (62 S. E. 720), *Walton* v. *Ga., Fla. & Ala. Ry. Co.*, 12 *Ga. App.* 106 (76 S. E. 1060), *Southern Ry. Co.* v. *Diseker*, 13 *Ga. App.* 799 (81 S. E. 269), it was said that "A servant may recover from his master for an injury occasioned by a dangerous instrumentality negligently maintained by the master, although it appear that the servant was not ignorant of the existence of such dangerous instrumentality, if it is shown that at the time of the injury the servant was rendered oblivious or otherwise incapable of exercising his information as to the existence of the dangerous thing, on account of the engrossing character of the work at hand or other excusing circumstances brought about by proper attention to duty, and not by his own carelessness," this rule will not be extended so as to impose liability in a case in which the emergency was brought about solely by the negligent conduct of one acting in the capacity of a fellow servant, and where the nature of the emergency was not such as would divert the observation of the servant away from the dangerous instrumentality over which he had immediate and direct control, but on the contrary would direct his entire attention to it, and where the emergency itself was of such a trivial nature and character as could not possibly be held to have so distracted and engrossed the mind of the plaintiff as would obscure the exercise of the instinct of self-preservation. See, in this connection, *Attleton* v. *Bibb Mfg. Co.*, 5 *Ga. App.* 777 (63 S. E. 918); *Waldo* v. *Central of Ga. Ry. Co.*, 11 *Ga. App.* 484 (75 S. E. 821); *Walton* v. *Ga. So. & Fla. Ry. Co.*, 15 *Ga. App.* 191(3) (82 S. E. 815).

3. The petition as amended showing on its face that the alleged defects in the dangerous instrumentality were patent and necessarily within the knowledge of the plaintiff, it failed to set forth a cause of action, and was properly dismissed on demurrer.

.        *Judgment affirmed.   Stephens and Hill, JJ., concur.*

DECIDED MARCH 26, 1921.

Action for damages; from Fulton superior court — Judge Bell. July 15, 1920.

Application for certiorari was denied by the Supreme Court.

The petition alleged that the plaintiff was employed in the defendant's candy factory, his particular duty being to operate two machines known as "cream beaters." These machines consisted of two revolving cylinders inside of a box or container which held the candy or cream. Each of the cylinders had teeth, which, when the cylinders revolved, would whip or beat the cream into the proper consistency. The top of the machine was open for a space about 9 inches wide by 40 inches long, and this opening was intended to be covered by a top made of wire mesh. This covering was made firm by bending the ends of the wire down around the edges of the container, thus preventing it from getting out of place; but by reason of the age of the wire top and the continual bending of the ends of the wire back and forth, the edges of the wire top had become broken off, so that there was no way to fasten it securely in its place. A tin cup full of water stood on top of the wire cover, it being used from time to time to pour water into the machine. While the plaintiff was engaged in operating one of these cream beaters the defendant's superintendent, Logan, took hold of a hose, which was hanging on the wall near the cream beater, and walked, with the end of the hose in his hands, toward another machine (called a kiss machine); presumably for the purpose of cleaning the kiss machine. His back was to the cream beater, and, as he walked along with the hose dragging behind him, he did not look back to see if the hose cleared the top of the cream beater. As he moved toward the other machine, the hose behind him caught under the wire top of the cream beater and upset it, and also the tin cup, "tipping them over, and putting both in a position where they were liable to be drawn into the machinery, with the result of spoiling the large amount of cream . . , and of

probably damaging the machinery. In order to prevent the wire top and tin cup from falling into the cream beater, with the results aforesaid, plaintiff, without time for deliberation or reflection, and acting from a natural and sudden impulse to seize the top and the can and prevent them from falling into the machine, thrust out his left hand to catch said articles before the same were drawn into the machine, and in some way his hand became entangled in the wire, and before he could extricate it, it was drawn in between two large rollers and badly crushed."

The petition charged negligence, (1) in failing to provide safe machinery, in that the wire top was worn and defective and there were no means of fastening it securely in its place; and (2) in that the defendant's superintendent, Logan, handled the hose unskillfully and carelessly in causing it to upset the wire and the tin can, " thus causing the emergency in which plaintiff attempted to save the property of his employer. " The petition further alleged that " the plaintiff had been running said machine about eight months, and, by being careful, had not had any accident on account of the said defect in said wire top."

The petition was demurred to generally, and at the hearing the plaintiff tendered an amendment, alleging that defendant was negligent also (1) in failing to provide the plaintiff with a safe place to work, and (2) in not furnishing machinery equal in kind to that generally used; and further alleging that, " at the time the plaintiff attempted to prevent the water can and wire top from being drawn into the machine, as hereinbefore alleged, his attention was so distracted to and absorbed in said act, he did not have time to think, and did not think, of any danger to himself in making said attempt." This amendment was disallowed, and the court sustained the general demurrer, but allowed the plaintiff 10 days to amend. Within the time allowed, the plaintiff filed a second amendment, amplifying the description of the machine that injured him, and describing in detail how the injury occurred. The amendment elaborated upon the allegation made in the first amendment, that at the time the injury occurred, the plaintiff was so absorbed in his work that he did not think of the danger of thrusting his hand in

contact with the revolving teeth on the cylinders. The plaintiff amended "paragraph 6, by striking therefrom the allegation that 'plaintiff had been running said machine about eight months, and, by being careful, had not had any accident on account of the said defect in said wire top.' " The demurrer was renewed as to the petition as thus amended, and was sustained and the petition dismissed, and the plaintiff excepted to this judgment.

*A. H. Davis,* for plaintiff.

*Leonard Haas,* for defendant.