RICHTER *et al.* v. RICHTER, administratrix, *et al.*

DUCKWORTH, Presiding Justice. 1. This case was before the Supreme Court on an exception to a judgment overruling demurrers to the petition. *Richter* v. *Richter,* 202 *Ga.* 554 (43 S. E. 2d, 635). It was there held that the court did not err in overruling the demurrers except the demurrer challenging the right to dissolve the corporation, and in headnote 2 it was said: "If, in violation of the trust, the surviving partner organizes a corporation in which he owns a controlling interest, and appropriates the firm name as a part of the name of the corporation and conducts a business similar to that which has been carried on by the partnership, with the express or implied representation that it is the business of the dissolved partnership, a court of equity will enjoin the use of the partnership firm name by such corporation." In the corresponding division of the opinion it was held that, where there had been no final sale or distribution of the partnership business, the surviving partner could not thus organize a corporation and conduct a similar business in the corporate name. The opinion cites with approval Peck Bros. & Co. *v.* Peck Bros. Co., 113 Fed. 291 (62 L. R. A. 81), where it was held that it was a prohibited artifice or fraud to falsely use in a corporate name the words "Peck Bros.," when there were no brothers of that name, and thus to assume the name for the purpose of obtaining the good will of the established business, without acquiring by purchase or otherwise the right to the good will and trade name, was a fraud upon the public and an injury to the proprietors of the trade name.

2. The exception here is to the grant of an interlocutory injunction restraining the surviving partner from using the descriptive word "Brothers" in the corporate charter of Richter Brothers Company Inc. There was evidence to the effect that the trade name of the partnership was Richter Brothers, that there were no Richter brothers in the corporation, that the heirs of the deceased partner were operating a business in the trade name of F. A. Richter & Company, engaged in the same line of business as that of the partnership, and that the defendant, through the corporation, was operating a similar business, that while most of the partnership assets had been disposed of, there had been no final sale or distribution, and paragraph 9 of a decree of the court, a portion of which decree is in this record, declared that the court retained jurisdiction "for disposition of the property referred to in paragraph 6 and any other property belonging to said partnership undisposed of." The evidence further showed that the defendant had published in the local paper an advertisement of his business, signed by the corporation, in which appeared the statement, "Active produce buyers for nearly 70 years." Thus there was evidence showing that no final disposition had been made of all the assets of the partnership, and that the defendant, through his corporation, is using the trade name of the partnership without any right to do so, and under the rulings above quoted the court did not err in granting the injunction complained of.

3. The record shows that by agreement of the parties, which was approved by the court, the defendant acquired a large quantity of empty bags, used in shipping pecans, on which bags is printed, "Richter Brothers," by paying to the petitioners several hundred dollars for the interest of the deceased partner therein. Equity would not allow the petitioners thus to sell for a valuable consideration to themselves these bags to the defendant and then complain of his use of such bags in a manner and for the purpose for which they were intended. Accordingly, direction is given that the injunction be modified to allow the defendant Richter to use such bags in the operation of his business for the purpose for which they were intended.

*Judgment affirmed with direction. All the Justices concur, except Bell, J., disqualified, and Wyatt, J., who took no part in the consideration or decision of this case.*

No. 16140. MARCH 18, 1948.

*S. P. Cain* and *George T. Smith,* for plaintiffs in error.
*Conger & Conger,* contra.