## McLEAN et al. v. JOHNSON et al.

DUCKWORTH, Chief Justice. 1. Where the court sustained a general demurrer with permission to amend within five days by making as a party defendant a corporation whose charter the petitioners sought to cancel, the effect of the filing and allowance of the required amendment was to leave the general demurrer overruled, and the judgment was not final. *Ramey* v. *O'Byrne*, 121 *Ga.* 516, 519 (3) (49 S. E. 595). Since the general demurrer was in law ineffective to raise the question of nonjoinder of a party (*Burkhalter* v. *Peoples Bank*, 175 *Ga.* 744 (3), 165 S. E. 749), and should have been overruled by the court in the first instance, but the same result was reached by the allowance of the amendment, the assignment of error that the court erred in its ruling on the general demurrer, in granting the right to amend within five days by adding a party defendant, is without merit.

(a) The contention that the court erred in failing to sustain the original demurrer unconditionally, on the ground that the petition was not amendable because there was nothing to amend by, is without merit. The petition named as defendants numerous persons who, it was alleged, were seeking to incorporate and use substantially the same corporate name as that employed by the petitioners in an unincorporated society or club, Atlanta Club of the Deaf, of which they were members in good standing, and without notice as required by the law (Code, § 22-202) of their intention to apply for a charter in the name of "Atlanta Club for the Deaf, Incorporated," and that unless enjoined they would confiscate money and other assets of the unincorporated club and transfer all to the corporation, thus setting forth a cause of action for equitable

relief against the individual defendants. *Richter* v. *Richter*, 203 *Ga.* 383 (47 S. E. 2d, 53).

2. The corporation, having demurred to the merits of the petition after it was amended making it a party, waived its right to object to its being made a party defendant, and the assignment of error in this respect is without merit.

3. The petition as amended retained all the allegations and prayers of the original petition and named as an additional defendant Atlanta Club for the Deaf, Incorporated, whose charter the petitioners sought to cancel, while also seeking to enjoin the individual defendants from committing the unlawful acts alleged in the petition. The petition as amended set forth a cause of action against the corporation, as well as the individual defendants, and the court did not err in overruling the general demurrer thereto. Code, § 22-202; *M. E. Church South* v. *Decell*, 60 *Ga. App.* 843 (5 S. E. 2d, 66); *Richter* v. *Richter*, supra.

*Judgment affirmed. All the Justices concur.*

No. 16506. FEBRUARY 17, 1949.

*Dodgen & Irwin* for plaintiffs in error.
*Hudson & LeCraw,* contra.