Maurice Wahl, J.
The plaintiff, a depositor in the Manufacturers Trust Company is the drawer of three checks which were drawn by him on his depository, the defendant herein. Plaintiff now seeks to recover the proceeds thereof, which he claims ‘ ‘ were diverted through the carelessness and negligence of the defendant, its agents or employees.”
In June, 1957 the plaintiff dealt with a Mr. Fox representing Holiday Pools, Inc., for the purpose of building a swimming pool. There were several meetings between the plaintiff and Fox which finally culminated in a contract to build a swimming pool at the plaintiff’s home in Long Island. The plaintiff then delivered to Fox three checks totaling $1,223.75. Two of these checks are dated June 17, 1957 and are in the respective amounts of $300 and $625, and the third check is dated June 21, 1957 and is in the amount of $298.75. All of the checks were drawn by the plaintiff upon the defendant and are payable to Holiday Pools, Inc., an Illinois corporation whose articles of *333 incorporation were filed on February 11, 1956. The two checks dated June 17, 1957 bear the indorsement of Holiday Pool Co., Inc., a Delaware corporation, whose certificate of incorporation was filed on July 5,1957, followed by the indorsement of Holiday Pools, Inc. The plaintiff claims that he intended dealing with Holiday Pools, Inc. The third check in the sum of $298.75 dated June 21, 1957 bears the indorsement of Holiday Pool Co., Inc., only. Each of these checks was deposited and the proceeds collected in June of 1957.
The three checks, the defendant concedes, were deposited in the account maintained with it by Holiday Pools Co., Inc., which as above stated, did not file its certificate of incorporation until July of 1957, which was subsequent to the date of deposit and clearance of the check, and were charged to the plaintiff’s account and were indorsed by Fox in the presence of an employee of the defendant.
It, therefore, appears that the three checks were payable to an existing corporation, namely, Holiday Pools, Inc., which removes this case from the applicability of the rule established in International Aircraft Trading Co. v. Manufacturers Trust Co. (297 N. Y. 285). Since the two checks dated June 17, 1957 bear the indorsement of the named payee, it is the court’s opinion that no liability can be fastened upon this defendant as to those checks unless it is shown that the indorsement of the payee on said checks was forged or unauthorized.
In his brief, counsel for the plaintiff urges that the indorsement of the payee’s signature was a forgery. It is elementary that the burden of proving forgery is upon the party who asserts it. There is not the slightest evidence in the record from which the court can determine that the indorsement of the payee’s name on the aforesaid two checks was a forgery. On the contrary, the only evidence before the court is that the checks were delivered to Fox and were indorsed by him, and that plaintiff’s entire dealings with the payee were conducted with Fox. Of course, a payment made upon a forged instrument is at the peril of the depository, but there is not a scintilla of proof that Fox committed forgery or diverted the checks. Mere suspicion is not proof. Under such circumstances, therefore, the court must hold that there has been no proof of forgery and that hence there is no liability upon this defendant for having paid the checks dated June 17, 1957. The several cases cited by the plaintiff state accepted principles of law, but are clearly inapposite. “It is the authority to indorse * * * that determines the validity of such indorsement (See *334 Manufacturers Trust Co. v. Lafayette Nat. Bank, 2 Misc 2d 518, 521 [City Ct., 1956].) Plaintiff, therefore, has failed completely to sustain his burden of proof that defendant’s payment of the two checks dated June 17, 1957 was a wrong to plaintiff.
As to the check dated June 21, 1957, it will be noted that this check does not bear the indorsement of the payee but bears the indorsement only of Holiday Pool Co., Inc. While a check may be transferred without written indorsement and such transfer vests in the transferee such title as the transferor had (Negotiable Instruments Law, § 79; Manufacturers Trust Co. v. Lafayette Nat. Bank, supra), nevertheless, it has been held that a bank’s payment of a depositor’s check without the payee’s indorsement established prima facie misappropriation of the depositor’s funds, and the burden was then on the bank of proving payment to the proper party. (City Trust Co. v. Botting, 139 Misc. 684.)
The plaintiff may not recover on the two checks dated June 17, 1957 but is entitled to a decision in his favor on the check dated June 21, 1957.
Judgment for the plaintiff in the sum of $298.75, with interest thereon. Five days’ stay.