### 39072. JETT v. ATLANTA FEDERAL SAVINGS & LOAN ASSOCIATION, INC.

DECIDED SEPTEMBER 28, 1961—REHEARING DENIED OCTOBER 23, 1961.

*E. E. Moore, Jr.,* for plaintiff in error.

*Mitchell, Clarke, Pate & Anderson, Austin C. Williams,* contra.

TOWNSEND, Presiding Judge. ■ Whether or not the relief sought against Mrs. Obie is of a purely equitable nature, and whether or not an action in equity against her could be joined with an action at law against the corporate defendant over proper objection, we have no special demurrers raising this question or the question of multifariousness. The assignment of error raises a question of law only, that is, whether the drawer of a check may become liable to the transferee of the instrument prior to such transferee successfully prosecuting his action

against the payee and obtaining a judgment decreeing him entitled to such indorsement. The Court of Appeals accordingly has jurisdiction of this writ of error.

■ *Code* § 14-420, which is § 49 of the Uniform Negotiable Instruments Law, provides in part: "Where the holder of an instrument payable to his order transfers it for value without indorsing it, the transfer vests in the transferee such title as the transferor had therein, and the transferee acquires, in addition, the right to have the indorsement of the transferor." Under this section it has been uniformly held that the common law or law merchant was changed to the extent that such a transferee receives all of the title of the transferor to a negotiable instrument and is entitled to sue thereon in his own name, but, without the indorsement, the instrument has not been negotiated and he takes subject to all the equities between the maker or drawer and the transferor. Foxman v. Hanes, 218 N. C. 722 (12 SE2d 258); Bank of Marshall County v. Boyd, 308 Ky. 742 (215 SW2d 850). It is well settled in Georgia that such a transferee has title to and may maintain an action on a note purchased by him for a valuable consideration and in his possession without indorsement. *Stone v. Colonial Credit Co.*, 93 Ga. App. 348 (91 SE2d 835); *Robbins v. Welfare Finance Corp.*, 95 Ga. App. 90 (96 SE2d 892).

The defendant in error contends, however, that as to checks, a form of bill of exchange, the rule should be different for the reason that *Code* § 14-102 defines a holder as "The payee or indorsee of a bill or note, who is in possession of it, or the bearer thereof," and under *Code* § 14-703 presentment for payment of a bill of exchange must be made by "the holder or by some person authorized to receive payment on his behalf," thus excluding a transferee who is not a payee or indorsee of order paper. It is obvious that as to a check, as well as to notes and other negotiable paper, title passes upon transfer and delivery for a valuable consideration. "A check may be transferred without written endorsement and such transfer vests in the transferee such title as the transferor had." Rapp v. Manufacturers Trust Co., 181 N.Y.S.2d 714, 716, and see Manufacturers Trust Co. v. LaFayette National Bank of Brooklyn in

New York, 154 N.Y.S.2d 390 (6). The plaintiff here has the legal title to the check and is entitled to enforce it, not in any capacity of a holder or a holder in due course, which he is not, but by virtue of his ownership. This is a situation not contemplated by the Negotiable Instruments Law, which is itself not all-inclusive but an attempt at the codification of the general law. *Code* § 14-106 specifically provides: "In any case not provided for in this Title the rules of the law merchant shall govern." Contract actions generally are brought in the name of the party in whom the legal interest is vested. *Code* § 3-108. The difficulty engendered by the present definition of "holder" in the Negotiable Instruments Law is recognized by Britton, Handbook of the Law of Bills and Notes 842, § 183, who resolves it thus: "Is an owner of an instrument who acquired title from the payee of an order instrument or from a special indorsee of an order instrument, who did not indorse, a proper party to make presentment? It would seem that the context surrounding the use of the term 'holder' in N.I.L. § 72(1), requires that it be construed to include transferees of unindorsed instruments whose rights are fixed generally by N.I.L. § 49 [*Code* § 14-420]." To the same effect see Beutel's Brannan, Negotiable Instruments Law § 58, p. 853. Whether the word "holder" should be given such extended construction in this particular situation, or whether it should be said only that, since the situation is not one specifically dealt with under the Title, the general law that one who is the rightful owner in possession of a chose in action involving a property right may sue thereon in his own name, it is obvious that to say the plaintiff has a complete legal title to the instrument but is nevertheless precluded from suing upon it would be an anomaly. It would be equally unsound to hold that the owner of a promissory note in such circumstance might sue the maker where the owner of a bill of exchange could not sue the drawer, since the N.I.L. makes no distinction between these types of negotiable instruments insofar as the rights of owners are concerned. The distinction is in part merely procedural, for while the indorsee of order paper prima facie has the right to payment, the transferee is cast with the burden of showing this fact and there is no prima facie presumption in his favor.

■ It is further contended that the action is premature for the reason that the plaintiff failed to give the drawer of the check notice of dishonor and demand for payment prior to filing the action. Notice need not be given where the drawer has countermanded payment. *Code* § 14-826 (5). The petition alleges sufficient facts to show that the drawee attempted to and did actually honor the check when it was first presented; this payment was countermanded by the drawer itself, and it follows that no further notice or demand was necessary to it from the plaintiff.

The trial court erred in sustaining the general demurrers to the petition.

*Judgment reversed. Frankum and Jordan, JJ., concur.*