40517. CLARK et al. v. S. F. C. ACCEPTANCE CORPORATION.

DECIDED FEBRUARY 24, 1964.

*Grubbs, Prosser & Burke, Jordan H. Prosser,* for plaintiffs in error.

*Gerstein & Carter, Joe W. Gerstein,* contra.

FELTON, Chief Judge. In *Northside Manor, Inc. v. Vann,* 219 Ga. 298 (133 SE2d 32) the Supreme Court of Georgia held that the amendment of 1952 (Ga. L. 1952, pp. 243, 245) to *Code Ann.* § 81-1001 (Ga. L. 1946, pp. 761, 775; 1952, pp. 243, 245; 1953, Nov. Sess., p. 82) was unconstitutional and void. That decision of the Supreme Court eliminated the 1952 amendment to *Code Ann.* § 81-1001, and left the law in this State as to matters coming within said Code section the same as it was before the 1952 amendment. Under the law as declared by the Supreme Court in that case, the question arises whether the court in this case erred in overruling the general demurrer to the petition as amended. The original petition sufficiently alleged that the plaintiff purchased the note sued on for value and that the title to said note was in the plaintiff, despite the fact that there was

no written assignment or endorsement of the note by its last owner to the plaintiff. Under the Negotiable Instruments Law the purchaser of a negotiable instrument, with or without a written assignment or endorsement, may sue thereon in its own name. *Code* § 14-409; *Stone v. Colonial Credit Co.*, 93 Ga. App. 348 (91 SE2d 835); *Associates Discount Corp. v. Brantley*, 102 Ga. App. 751 (117 SE2d 916); *Jett v. Atlanta Federal Savings &c. Assn.*, 104 Ga. App. 688 (123 SE2d 27); *Northeast Factor &c. Co. v. Mortgage Investments &c.*, 107 Ga. App. 705 (131 SE2d 221). In a nutshell, these cases hold that the purchaser of a negotiable instrument which is not transferred or endorsed to the purchaser has such title as authorizes him to sue on such instrument in his name but deprives him of the right to be considered as a bona fide holder until the written assignment or endorsement is actually obtained. It follows from what has been said that the original petition stated a cause of action good as against a general demurrer. The amendment to the petition did not cure the alleged defect in the petition for the reason that the purported assignment of the note sued on did not identify the note as one given in connection with the conditional sale contract which was assigned. After the amendment the petition still showed an action instituted by the purchaser of a negotiable instrument which had not been assigned or endorsed to the purchaser. The original attack upon the petition by the general demurrer was without merit as the original petition stated a good cause of action. Under the old law, which is now again in effect, even in spite of the *Northside Manor* decision, the original judgment sustaining the general demurrer to the petition did not become the law of the case, and even though the amendment did not improve upon the petition, the plaintiff is not held to be bound by the judgment on the demurrer to the original petition by reason of its having acquiesced in the original ruling on demurrer by seeking to amend the petition.

The record in this case discloses that the defendants demurred to the petition on the grounds that it "does not set forth a cause of action against the defendants, or either one of them, nor does any of its several paragraphs or parts." This demurrer was sustained by the trial judge "with the right in the plaintiff to amend

within 30 days from this date." No reference was made in this order to a dismissal of the petition. Subsequently, and within the 30 days allowed, the plaintiff filed an amendment to the petition which was allowed and ordered filed subject to objections and demurrer. The defendants made no specific objections to the allowance of the amendment on any ground, nor any motion to dismiss the petition as amended on the ground that the amendment did not meet the demurrer, nor raise any question as to the first ruling on demurrer being the law of the case, but instead did nothing but renew their general demurrer to plaintiff's petition as amended "and for ground thereof show: 1. That plaintiff's petition as amended does not set forth a cause of action against the defendants, or either one of them, nor does any of its several paragraphs or parts." The court overruled this renewed general demurrer to plaintiff's petition and the defendants brought the case to this court by writ of error assigning error on this latter action of the trial court. "A demurrer to a petition as amended opens the merits of the whole pleading to a fresh adjudication, and a conditional order of dismissal made on the hearing of a previous demurrer to the original petition concludes nothing. Thus, where a petition was heard on a demurrer thereto, and the presiding judge passed an order, not dismissing the petition, but declaring that it would be dismissed unless amended within a given time so as to make it good in law, this judgment was not final upon the merits, but the whole petition was open for amendment within the time limited, and another demurrer afterwards filed to the petition as amended should have been overruled if the petition as a whole set forth a cause of action, whether the matter contained in the amendment aided it or not." *Folsom v. Howell,* 94 Ga. 112 (1) (21 SE 136); *Olds Motor Works v. Olds Oakland Co.,* 140 Ga. 400 (78 SE 902). In *Lederle v. City of Atlanta,* 164 Ga. 440, 441 (6) (138 SE 910), quoted in *Northside Manor, Inc. v. Vann,* 219 Ga. 298, supra, the demurrer to the petition as amended was expressly made on the ground that the judgment sustaining the former demurrer concluded the right of the plaintiff to recover. In *Kennedy v. Ayers,* 164 Ga. 277 (3), 278 (138 SE 155), there was no renewal of the general demurrer to the petition as amended

but on the contrary there was a motion to dismiss the case "because the petition had not been amended as required by the former judgment." The same is true of the case of *Speer v. Alexander*, 149 Ga. 765 (102 SE 150), and in *Clark v. Ganson*, 144 Ga. 544 (87 SE 670) no amendment was filed within the time required. In addition, in this case, as well as *Speer v. Alexander*, supra, the original order sustaining the demurrers contained an order of dismissal.

The difference in the type of case as exemplified by the one now before the court where there was a demurrer to the petition as amended and which was the same as in the *Folsom v. Howell* case, supra, and in those referred to above, was recognized by this court in the case of *McGarity v. Brewer*, 84 Ga. App. 341 (66 SE2d 157). The distinction was also made in *Hayes v. Simpson*, 83 Ga. App. 22 (62 SE2d 441) and *Atlantic Refining Co. v. Peerson*, 31 Ga. App. 281, 284-285 (120 SE 652).

Much of the confusion in this type of case has arisen where the order contained expressed words of dismissal and much difficulty attended the construction of such order. An excellent discussion of these types of orders was had in *Smith v. Bugg*, 35 Ga. App. 317, 321 (133 SE 49). It may be noted that in that case the court made the following observation: "Of course, if the plaintiff should wholly fail to avail himself of the right to amend within the time of indulgence granted, the case would either stand automatically dismissed or would thereupon have to be dismissed according to the language used in the order, which, being unexcepted to, has become the law of the case. In the one instance the court would have automatically lost jurisdiction, in the other it would retain jurisdiction only to execute the law of the case as prescribed by the terms of the order. But it would seem that where an amendment is actually offered and *allowed* subject to objection within the time prescribed, the case stands precisely as it stood when the original demurrer was entertained." (Emphasis ours). In the case now before the court, no words of dismissal are used. This type of order has been construed by this court and by the Supreme Court, and in each instance the rule announced in *Folsom v. Howell*, 94 Ga. 112, supra, and in *Olds Motor Works v. Olds Oakland Co.*, 140 Ga. 400, supra, has been followed.

In *McLean v. Johnson,* 204 Ga. 862, 864-865 (51 SE2d 836), it appears that several defendants demurred generally to the petition and the court sustained the demurrer but allowed five days in which to amend. An amendment was allowed by the court. The defendants "demurred to the petition as amended on the ground that it did not set forth a cause of action either at law or in equity. The court overruled the demurrer." Error was assigned on, "(1) the judgment sustaining the demurrer but allowing the petitioners five days in which to amend; (2) the order making the corporation, Atlanta Club for the Deaf, Incorporated, a party defendant; and (3) the judgment overruling the demurrer to the petition as amended." In headnote 1, the Supreme Court, speaking through Chief Justice Duckworth, held: "Where the court sustained a general demurrer with permission to amend within five days by making as a party defendant a corporation whose charter the petitioners sought to cancel, the effect of the filing and allowance of the required amendment was to leave the general demurrer overruled, and the judgment was not final. *Ramey v. O'Byrne,* 121 Ga. 516, 519 (3) (49 SE 595). Since the general demurrer was in law ineffective to raise the question of nonjoinder of a party, *Burkhalter v. Peoples Bank,* 175 Ga. 744 (3) (165 SE 749), and should have been overruled by the court in the first instance, but the same result was reached by the allowance of the amendment, the assignment of error that the court erred in its ruling on the general demurrer, in granting the right to amend within five days by adding a party defendant, is without merit." As was said in *Georgia R. & Power Co. v. Kelly,* 150 Ga. 698, 699 (105 SE 300), where a demurrer was sustained with leave to amend "it would be inconsistent to sustain a demurrer to a petition and dismiss it, and in the same order grant leave to the plaintiff to amend the petition. See *Steed v. Savage,* 121 Ga. 84 (48 SE 689)."

In *McConnell v. Frank E. Block Co.,* 26 Ga. App. 550 (106 SE 617), it appears that the petition was demurred to generally and the court sustained a general demurrer and allowed the plaintiff 10 days to amend. Within the time allowed the plaintiff filed an amendment. "The demurrer was renewed as to the

petition as thus amended, and was sustained and the petition dismissed, and the plaintiff excepted to this judgment." This court, speaking through Presiding Judge Jenkins, in headnote 1, said: "The rule is well settled that where a question as to the sufficiency of the pleadings has been raised by demurrer, and the pleader seeks to conform to an adverse ruling by amending them so as to meet the objection and prevent a dismissal, he will not thereafter be heard to complain that the antecedent ruling to which he has thus submitted was erroneous, or that the amendment was unnecessary. *Glover v. Savannah R. Co.*, 107 Ga. 34 (3) (32 SE 876) ; *Rome R. Co. v. Thompson,* 101 Ga. 26 (28 SE 429) ; *Hamer v. White,* 110 Ga. 300 (34 SE 1001) ; *Atlantic Coast Line R. Co. v. Hart Lumber Co.,* 2 Ga. App. 88 (2) (58 SE 316) ; *Farrer v. Edwards,* 144 Ga. 553 (87 SE 777) ; *Clark v. Long,* 25 Ga. App. 808 (105 SE 654, 655). Where, however, exception is taken not to the antecedent ruling on the original petition but to a final judgment dismissing the petition on a subsequent adjudication under a renewed demurrer, and after the plaintiff has sought to conform to the previous ruling by exercising the right given him to amend his pleadings so as to meet the objection raised, the antecedent ruling will be accounted as conditional only, especially where it did not expressly dismiss the petition, *Ga. R. & Power Co. v. Kelly,* 150 Ga. 698 (105 SE 300), *Olds Motor Works v. Olds Oakland Co.,* 140 Ga. 400 (78 SE 902), *Clark v. Ganson,* 144 Ga. 544 (87 SE 670), *Steed v. Savage,* 121 Ga. 84 (48 SE 689), *Canuet v. Seaboard Air Line R.,* 128 Ga. 41 (57 SE 92) ; and such 'a conditional order of dismissal made on the hearing of a previous demurrer to the original petition concludes nothing.' *Folsom v. Howell,* 94 Ga. 112 (21 SE 136)."

In *Northside Manor, Inc. v. Vann,* 219 Ga. 298, supra, while some cases are cited and some language is used which might give some indication to the contrary, the Supreme Court actually ruled in conformity with this opinion, as follows: "We further hold that when an amendment was not submitted within the twenty days provided in the judgment of October 3, 1962, the judgment sustaining the demurrer *became final,* and it was error to allow an amendment thereafter." (Emphasis ours).

While the case of *Wells v. Butler's Builders' Supply Co.*, 128 Ga. 37 (57 SE 55) is authority for the ruling that the *mere* sustaining of a general demurrer has the effect of instantly dismissing the pleading demurred to, the case also holds that "had time to amend been allowed in the order, the judgment would not have had the effect of terminating the case as to the demurring defendant until the expiration of such time without curative amendment. *Blackwell v. Ramsey-Brisben Stone Co.*, 126 Ga. 812 [55 SE 968]."

The court did not err in overruling the demurrer to the petition as amended.

*Judgment affirmed. Frankum and Pannell, JJ., concur.*