## 41451. PEGG v. KNIGHT'S, INC.

EBERHARDT, Judge. 1. While the bill of exceptions recites that on October 20, 1964, the court sustained all demurrers, giving the plaintiff eight days within which to amend, later extended to October 31, 1964, no copy of the order sustaining the demurrers is in the record. Thus it is not possible to determine whether by its language it contained an order of dismissal (see *Clark v. S.F.C. &c. Corp.,* 109 Ga. App. 180, 182 (135 SE2d 473)), or, if so, whether it was operative in praesenti or in futuro (see *Hayes v. Simpson,* 83 Ga. App. 22 (62 SE2d 441), *Smith v. Bugg,* 35 Ga. App. 317 (133 SE 49)), and it does not appear whether the order contained self-executing provisions (see *Echols v. Time Motor Sales, Inc.,* 111 Ga. App. 554 (142 SE2d 324)). But it does appear from the bill of exceptions that after amendment the demurrers were *renewed* to the petition as amended, and we are of the opinion that we must determine whether the order of April 30, 1965, sustaining the demurrers to the petition as amended was proper without any "law of the case" effect of the first order. *Folsom v. Howell,* 94 Ga. 112 (1) (21 SE 136); *Perkins v. First Nat. Bank,* 221 Ga. 82, 93 (7) (143 SE2d 474).

2. Plaintiff's nineteen year old son rented a boat from defendant for the purpose of fishing in its pond. It is alleged that the boat leaked and thus had a wet and slippery bottom and that this was known to the defendant but not to plaintiff's son. No fact or reason is alleged as to why the condition of the bottom of the boat was not as obvious to the son who got into it as to the defendant. He had reached the age of discretion when he should have been fully capable of appreciating any known or obvious dangers in connection with the fishing venture. *McCall v. McCallie,* 48 Ga. App. 99, 100 (171 SE 843).

It is alleged that while plaintiff's son was rowing the boat out into the lake he "slipped and fell over the side of the boat and into the lake, said fall being caused by the slippery condition of the boat." This can only mean that the son was

438

standing in the boat while rowing it, for if he were sitting on the boat seat there could be no occasion for his falling overboard by reason of the slippery condition of its bottom.

It is alleged that although the son was an excellent swimmer, he became entangled in lines, ropes and other floating debris and drowned.

We can see no basis of foreseeability to be charged to the defendant that the young man might have fallen out of the boat and drowned in this manner, and defendant's liability is limited to those consequences which it should have reasonably anticipated as the natural or probable consequence of its own acts or omissions. *Georgia Power Co. v. Kinard,* 47 Ga. App. 483 (170 SE 688).

The sustaining of the demurrer to the petition as amended was proper.

*Judgment affirmed. Pannell, J., concurs. Nichols, P. J., concurs specially.*

SUBMITTED SEPTEMBER 9, 1965—DECIDED OCTOBER 7, 1965.

*Fullbright & Duffey, Harl C. Duffey, Jr.,* for plaintiff in error. *Matthews, Maddox, Walton & Smith, John W. Maddox,* contra.