JOHN GARNER, plaintiff in error, vs. JOHN BYARD, defendant in error.

A tenant has the right to assign his lease, but he cannot substitute another paymaster in his stead, without the consent and acceptance of the landlord.

Assumpsit, in Upson Superior Court. Tried before Judge CABINESS, May, 1857.

This was an action of assumpsit brought by John Byard against John Garner, on the following promissory note, viz:

$200. On or before the first day of January, 1856, I promise to pay John Byard, or bearer, two hundred dollars, to be paid monthly, and proportionally, until the full amount of two hundred dollars is paid, commencing to pay the twelfth part of the above mentioned two hundred dollars, on the first of January, 1855, and so on, through the year, until the above mentioned amount shall be paid, for house rent, in the city of Columbus, Geo., value received; Dec. 5, 1854; for four rooms, and the privilege of the half cellar.

Columbus, Georgia.

(Signed)    JOHN GARNER.

Defendant pleaded:

1st. The general issue.

2d. Failure of consideration, in this that plaintiff failed and refused to give defendant possession of the house rented, and for which the note sued on was given; and,

3d. That plantiff occupied said house himself, during the year 1856, and is indebted to defendant for use and occupation thereof, the sum of two hundred dollars, and which he pleads as a sett-off to plaintiff's demand.

It appeared from the evidence on the trial, that the note sued on was given for the rent of a house on Bridge Street, in the city of Columbus, and in which plaintiff lived in De-

cember, 1854, and he occupied the house during, or nearly all of the year 1855.

A Mr. Allen, an agent of defendant, between the 1st and 15th of January, 1855, went to see plaintiff, who was then living in the house, to rescind the contract, as the defendant had concluded not to come to Columbus. Plaintiff refused to rescind. Allen then rented the house to a Mr. West, who called on plaintiff and demanded possession, which plaintiff refused, saying he would give possession to no one but Garner. He did not, however, dispute or question Allen's authority as agent of defendant, or that West had sub-let the premises from said agent.

The Court charged the jury, that defendant had no right to rent the premises to a stranger without the consent of the plaintiff, and his refusal to deliver possession to any one except defendant, did not constitute a failure of consideration, and notwithstanding such refusal, he was entitled to recover the note. If the agent of defendant demanded possession of the house, to be used and occupied by defendant himself, the refusal to deliver possession to the agent, was equivalent to a refusal to deliver possession to defendant, and if such was the fact, it was a failure of consideration, and plaintiff was not entitled to recover. But if the agent demanded possession with the view of renting it to some one else, the plaintiff had the right to refuse to deliver possession for such purpose, and such refusal did not amount to a failure of consideration; and if plaintiff refused to deliver possession to the agent on a general demand, but expressed his willingness to deliver possession to defendant himself, for his own use and occupation, such refusal did not bar plaintiff's right of recovery on the note.

If defendant rented the house, but by his own voluntary act, failed to occupy it, he was nevertheless, bound to pay the amount of the note given for the rent, and he is not entitled

Garner vs. Byard.

to a set-off for use and occupation of the house by plaintiff, during the time for which it was rented.   If defendant saw proper to let it remain unoccupied, it was his right to do so, but he was still bound for the rent; and if plaintiff used and occupied the house, thus abandoned, he was not liable to defendant *ex contractu* for use and occupation, but was liable as a trespasser, and such liability was not a proper subject matter of set-off.

The jury found for the plaintiff the full amount of the note.

Counsel for defendant moved for a new trial:

1st. Because the charge of the Court was erroneous and contrary to law.

2d. Because the verdict was contrary to law and evidence.

The Court overruled the motion for a new trial, and counsel for defendant excepts.

J. M. SMITH, for plaintiff in error.

JAMES W. GREENE, for defendant in error.

*By the Court.*—LUMPKIN J. delivering the opinion.

Amongst other things, the Court charged the jury, in this case, that the defendant, Garner, had no right to sub-let the premises, for the rent of which the note was given, to a stranger, without the consent of the landlord, and that the refusal of the plaintiff to deliver possession, for that purpose, did not constitute a failure of the consideration, of the note.

Is this true?   For upon this proposition the case hangs.

In *Smith's Law of Landlord and Tenant, p.* 356, the doctrine upon this subject is thus correctly stated :   " But though a lease is necessarily a contract, yet it is a contract which creates an estate; and by the law of England an estate is as-

signable, although a contract is not so.   And the landlord, therefore, may assign even his estate in remainder; the tenant his estate in his turn; and thus the parties to the relation may be altered, either by a change of landlord or a change of tenant."

True the tenant cannot substitute a new paymaster, without the acceptance of the landlord; but this was not proposed in this case.   Garner was to remain bound for the rent.

If, then, Byard refused to deliver possession, except upon terms which he had no right to exact, but used and occupied the premises himself, Garner had a right to repudiate the contract, which he did; and the consideration of the note has failed.

Judgment reversed.