## HUNT *v.* DOYAL, trustee.

1. A trustee in bankruptcy may avoid any transfer by the bankrupt of his property which any creditor of such bankrupt might have avoided, and recover the property or its value from the person to whom he transferred it, unless he was a bona fide purchaser for value prior to the date of the adjudication; and this right of the trustee extends to all transfers made by the bankrupt prior to the adjudication, in fraud of the rights of his creditors, without reference to whether such transfers are within four months prior to the adjudication or not.

2. When a petition by the trustee in bankruptcy, against the wife of the bankrupt, alleges that the husband and wife, for the purpose of defrauding the creditors of the bankrupt, caused certain real property to be conveyed by the bankrupt to his wife, and certain personal property to be transferred, and that the effect of the conveyances was to strip the bankrupt of all of his property, the petition is not subject to demurrer upon the ground that it contains a misjoinder of causes of action, in that it seeks to set aside the transfers of both the realty and personalty.

3. A defect in a petition, resulting from the nonjoinder of proper parties, can not be taken advantage of by a general demurrer; neither can such a defect be taken advantage of by motion for a new trial.

4. The discharge of a debtor in bankruptcy in no way precludes a trustee from recovering property of the bankrupt's estate which has been fraudulently transferred.

5. In a suit brought by a trustee in bankruptcy to set aside a conveyance by the husband to the wife, upon the ground that it was made for the purpose of defrauding the creditors of the husband, the wife defending upon the ground that the property had been purchased with her money and that the conveyance was simply a recognition of an existing equity in her favor, evidence as to the value of the property was admissible as a circumstance to be considered by the jury in determining whether the transaction was in good faith or fraudulent; and this is true even though the petition did not allege the value of the property, the averments being, in effect, that the whole transaction was the result of a fraudulent scheme

6. "Where one conveys property not his own, which he wrongfully holds, to the rightful owner, the law does not require the latter to yield his rights and decline taking it because the person who has withheld it wrongfully may, in returning it, intend thereby to keep his own creditors from getting it. One who takes merely what is his own is not punished for considerations which may operate upon the mind of the party who gives it up."

Argued April 20,—Decided May 18, 1907.

Equitable petition. Before Judge Wright. Floyd superior court. February 1, 1906.

Doyal, as trustee in bankruptcy of the estate of Hunt, bankrupt, filed suit against Mrs. Hunt, wife of the bankrupt, alleging, that on November 20, 1903, Hunt filed a petition for his adjudication as a bankrupt, and was so adjudicated on November——, 1903; that on November 30, at a meeting of the creditors, plaintiff was duly elected trustee; that on various dates in 1897 Hunt acquired title, by written conveyance, to certain described parcels of land, and was at that time also the owner and in possession of certain described personalty, consisting of farm animals, hogs, farm implements, etc., as well as a stock of general merchandise; that in 1901, while he owned and was in possession of all of the realty and personalty above referred to, he contracted numerous debts, which are set out in the schedule accompanying his petition in bankruptcy (a copy of the material portions whereof is exhibited) ; that credit was extended to him upon the representation that he was the owner of the realty and personalty above referred to; that on November 11, 1902, Hunt, in order to avoid the payment of the debts above referred to, and for the purpose of hindering, delaying, and defrauding his creditors, conveyed to his wife, the defendant, all of his real estate, by a deed which appears to have been recorded on the date that it was executed (a copy of which is attached to the petition as an exhibit) ; that the conveyance was without consideration, and that Mrs. Hunt knew the purpose for which it was executed, and colluded with her husband in the fraudulent conduct resulting in the conveyance; that on or about the same date Hunt gave to his wife all of the personal property he possessed, and that the purpose of this gift was the same as that for which the deed to the realty was made, and that Mrs. Hunt knew that such was the purpose; that the conveyance of the realty and the gift of the personalty rendered Hunt insolvent and unable to pay any of his debts; and that Hunt and his

wife colluded together to conceal from the creditors the fact of such conveyance, and thereby prevented the creditors from proceeding to have him adjudicated an involuntary bankrupt, within four months after the transaction. The prayer of the petition is that the conveyance of the realty be set aside, and that the plaintiff recover the realty and personalty, to be administered as assets of the estate of the bankrupt for the payment of his debts. The plaintiff filed an amendment to the petition, making more accurate the description of the personal property, and alleging the same to be in the possession of Hunt and his wife at the time of the institution of the present suit.

To the petition, as amended, the defendant filed demurrers, alleging, that the petition set forth no cause of action, that there was a misjoinder of causes of action, that it failed to describe the real property sought to be recovered, that it appeared that the cause of complaint occurred more than four months before the filing of the petition in bankruptcy, and that as the bankrupt could not recover the property, neither could his trustee. The demurrer was overruled, and the defendant filed exceptions pendente lite. The defendant filed an answer in which she denied all of the averments of the petition relating to fraudulent conduct therein set out, so far as she was concerned, and averred that the realty was bought with her money and that the conveyance of the husband to her was merely a recognition by him of the rights in her which resulted from the use of her money in the purchase of the land. She also pleaded that a discharge in bankruptcy had been granted to her husband, and that by reason of such discharge he was relieved from the payment of the debts sought to be enforced by the trustee; and that the personal property was transferred to her for the same reason that the realty was conveyed to her. At the trial the jury returned a verdict in favor of the plaintiff, so far as the realty was concerned, and for the defendant as to the personalty. The defendant's motion for a new trial was overruled, and she excepted.

*M. B. Eubanks,* for plaintiff in error.

*Lipscomb & Willingham,* contra.

COBB, P. J. (After stating the facts.) A trustee in bankruptcy is expressly authorized by the bankruptcy act to avoid any transfer by the bankrupt of his property which any creditor might have avoided, and recover the property so transferred, or its value, from

the one to whom it was transferred, unless such person was a bona fide holder for value prior to the date of the adjudication. 1 Fed. Stat. Annot. 702. The purpose of this portion of the bankruptcy act was to vest the trustee with the same rights which a creditor of the bankrupt would have had under the State laws in the event the debtor had not been adjudicated a bankrupt. That portion of the bankruptcy act which authorizes the avoidance of transfers of a certain character, made by the bankrupt within four months prior to the adjudication, relate to transfers which were in violation of the bankruptcy · act. The four-months' limitation applicable to such transfers has no reference to transfers made by the bankrupt prior to the adjudication, which were in fraud of the rights of creditors, and which they could have avoided even if no bankruptcy proceedings had been instituted. Bush *v.* Export Stor. Co., 136 Fed. 924; Beasley *v.* Coggins (Fla.), 12 Amer. Bankr. Rep. 355; 1 Cur. Law, 317; 3 Id. 448; 5 Id. 379; 7 Id. 400.

2. One ground of the demurrer was that the petition contained a misjoinder of causes of action, in that it attempts to recover real and personal property in the same suit, when the same are in no way connected. The averments of the petition are such as to indicate a purpose on the part of the bankrupt, at the date of the transactions therein referred to, to divest himself of all of the property that he had in favor of his wife, who is alleged to be in collusion with him. To effect this purpose it was necessary to have two transactions; one the conveyance of the realty, and the other the transfer of the personalty. The date upon which the realty was conveyed is distinctly alleged; and while the exact date of the transfer of the personalty is not stated, it is alleged that it was on or about the same date that the realty was conveyed. The trustee had the right to avoid both of the transfers. It may be that he could have brought separate suits, one for the realty and the other for the personalty. But he was not required to do so; certainly not under the averments of the petition. The conveyance of the realty and the transfer of the personalty were the consummation of one scheme, having for its purpose the defrauding of the creditors of the husband. We see no reason why the trustee should have been compelled to bring two suits for this purpose. If all of the property was transferred in fraud of the rights of the creditors, all could be recovered. The scheme was to deprive the creditors of their rights

in all of it. If the rights of the defendant as to any of the property were superior to the rights of the creditors, she could be fully protected by a decree in her favor to that extent. Her rights would be as completely protected as if two suits had been brought and she had prevailed in one and lost in the other. It might as well be said that a separate suit should have been brought for each tract of land, or for each mule, or plow. The averments were that all of the property, both the realty and personalty, were embraced in the one scheme to defraud the creditors of the husband. The demurrer upon the ground of the misjoinder of causes of action was not well taken.

3. It was argued that the petition was defective for the reason that the bankrupt was not made a party defendant; that it was an application to set aside a conveyance made by him; and that he was a necessary party. There was no special demurrer on this ground. Counsel seeks to take advantage of this alleged defect in the petition, in a general demurrer and in a ground of the motion for a new trial. A defect in a petition, resulting from the nonjoinder of proper parties, can not be taken advantage of by general demurrer. *Ray* v. *Pilman,* 119 *Ga.* 678, and cases cited. Neither can such a defect be taken advantage of by motion for a new trial. While the question as to whether the bankrupt should have been made a party is not before us for decision, attention is called to the fact that there are rulings to the effect that the bankrupt is not a necessary party, in cases of the character now under consideration. Buffington *v.* Harvey, 95 U. S. 99; Cox *v.* Wall, 99 Fed. Rep. 546. See, in this connection, Williamson *v.* Selden, 54 N. W. (Minn.) 1055. It is claimed that the petition sets forth no cause of action, for the reason that it appears that the transactions were of such character that Hunt could not have set them aside, and therefore his representative, the trustee in bankruptcy, is in no better position than he is. It is true that the trustee in bankruptcy is the representative of the bankrupt for many purposes, but he is also the representative of the creditors, and he has, in this proceeding, the same rights as the creditors represented by him would have, and their right to set aside the conveyance is not dependent at all upon whether Hunt could have set it aside. The petition set forth a cause of action, and was not subject to any of the objections set forth in the demurrers.

4. Complaint is made, in the motion for a new trial, that the court erred in refusing to allow the defendant to introduce in evidence the discharge in bankruptcy which had been granted to Hunt while the present suit was pending. There was no error in rejecting this evidence. The discharge of a debtor in bankruptcy does not preclude the trustee from recovering property of the bankrupt's estate which has been fraudulently transferred. In re Pierce, 103 Fed. 64.

5. In several of the grounds of the motion for a new trial error is assigned upon the rulings of the judge admitting evidence as to the value of the property, which was the subject of the transfers, on the date of such transfers; the objection to such evidence being that the value of the property was not set forth in the petition. The petition alleged that the property was transferred as the result of a scheme to hinder and delay the creditors, and the value of the property was a circumstance to be considered by the jury in determining whether the transaction was one of good faith, or whether it was tainted with fraud.

6. Error is assigned upon the following extracts from the charge of the court: "If W. P. Hunt owed his wife $1,800 or other sum (and I do not intimate to you that he did) at the time he made this deed to his wife, on February 11, 1902, and if in order to settle this debt he conveyed the land described in said deed to his wife, then you will find for the defendant, provided you find that this deed was a bona fide transaction between the husband and wife, and not a deed made for the purpose of defrauding and defeating the creditors in this case." "If W. P. Hunt used the money of his wife to purchase the land in question, then I charge you that even though he took the title to himself, the law would put the beneficial title in his wife; and if you find that he did use the money of his wife in the purchase of these lands, then you will find for the defendant, provided, as I have just stated, you find that this deed was a bona fide transaction, and not made for the purpose of defrauding his creditors." The objection to these extracts of the charge is that they in effect authorized the jury to find in favor of the plaintiff that the conveyance was void, even though they might be satisfied, from the evidence, that the land was purchased with the money of the wife; and simply for the reason that at the time the husband made the deed, his controlling motive was not to recognize her equitable in-

terest therein, but to defraud his creditors. If the land was purchased with his wife's money, it was, in equity, her land. She could have compelled the husband to convey the same to her, and he could voluntarily do that which the law would have compelled him to do. Her interest therein could not have been affected by any improper motive that influenced him at the time the conveyance was made. As was said by Mr. Justice Simmons, in *Dodd* v. *Bond,* 88 *Ga.* 360; "Whatever may be the true view of the law where a debtor conveys his own property to a creditor, we are satisfied that where one conveys property not his own, which he wrongfully holds, to the rightful owner, the law does not require the latter to yield his rights and decline taking it because the person who has withheld it wrongfully may, in returning it, intend thereby to keep his own creditors from getting it. One who takes merely what is his own is not punished for considerations which may operate upon the mind of the party who gives it up." The instructions complained of were erroneous, and were so prejudicial as to require a reversal of the judgment.

If the money of the wife was used in the purchase of the land, but the deed was taken in the name of the husband, and the wife knew that he was holding himself out to the world as the owner and obtaining credit thereon, the rights of the creditors who extended the credit upon the faith of the land as the property of the husband would be superior to the rights of the wife as the holder of a secret equity recognized by the husband after the credit was extended. *Kennedy* v. *Lee,* 72 *Ga.* 39. But the deed from the husband to the wife would not be fraudulent and void, and the rights of the creditors would not be affected by the deed, if the credit was extended on the faith of the land at a time when the wife allowed the husband to hold out to the world that he was the owner of the property. When the husband conveyed to the wife in recognition of her equitable right in the property, he performed both a legal and a moral duty, and there was no fraud in such a transaction, but the wife would take the title subject to the rights of such creditors of her husband as were misled by her conduct in allowing the husband to deal with the property as his own.

Error is assigned upon the same portions of the charge of the court, for the reason that they were not authorized by the pleadings or the evidence. It is not necessary to deal specifically with this

assignment, as the case will have to be tried again, and on another trial the judge will adjust his instructions to the exact facts of the case as they then appear in the pleadings and evidence. The manner in which Hunt dealt with the property sold by Mrs. Hunt to Sanders was a circumstance to be considered by the jury in dealing with the question as to the manner in which the wife had allowed the husband to deal with her property as his own. This evidence is of little probative value, but was admissible for the purpose above referred to. *Judgment reversed. All the Justices concur.*