## STANLEY *et al.* *v.* HILL *et al.*

FISH, C. J. 1. An amendment to the petition for injunction was allowed on an interlocutory hearing, October 17, 1908, over the objection of the defendant. No exception to the ruling allowing the amendment was ever filed. It was too late, therefore, at the trial term in November, ·

1909, to file a special demurrer to the petition as amended. The demurrer on the ground of misjoinder of parties was a special demurrer (*Rusk* v. *Hill*, 117 *Ga.* 722 (3) (45 S. E. 42); *Hunt* v. *Doyal*, 128 *Ga.* 416 (3), 420 (57 S. E. 489)), and came too late at the trial term.

2. Where it appeared from the positive and uncontradicted testimony that an amendment to the petition was orally allowed by the trial judge on an interlocutory hearing, it was competent for his successor, subsequently on the trial of the case in term, to grant a written order allowing the amendment as of the date at which it was allowed orally at the interlocutory hearing.

3. The petition set forth a cause of action, and the court did not err in overruling the motion to dismiss on the ground that it failed to do so.

4. A book of minutes of a town council may be identified by the testimony of the clerk of such council, who is the legal custodian of such book.

5. Under the charter of the town of Kennesaw (Acts 1907, p. 742), the mayor and council thereof have the power to prohibit the establishment of cemeteries within the incorporate limits of the town.

6. On the trial of an action brought by the mayor and council of the town of Kennesaw and citizens and property owners thereof, to enjoin the establishment of a cemetery at a given place within the incorporate limits, it was competent to show, by the minutes of the council passed at a regular meeting, that the mayor and council had denied an application for the establishment of a cemetery at that place. The fact that the defendants in the action on trial were not parties to the application to the town council did not render the action of the mayor and council on such application inadmissible. Such action of the mayor and council was sufficient to show that they took affirmative action to prohibit the establishment of the cemetery in question; and there being no conflict of evidence on this point, in view of the provisions of the charter of the town leaving such matters within the power of the mayor and council, there was no error in directing a verdict, which in effect enjoined the establishment of the cemetery.

*Judgment affirmed. All the Justices concur.*

FEBRUARY 16, 1911.

Equitable petition. Before Judge Morris. Cobb superior court. November 22, 1909.

*Gober & Griffin* and *William Attaway,* for plaintiffs in error.

*J. Z. Foster* and *D. W. Blair,* contra.