## 8990. HARMS v. ENTELMAN.

The trial judge did not err in overruling the demurrer to the petition.

DECIDED NOVEMBER 14, 1917.

Complaint; from city court of Savannah—Judge Davis Freeman. May 17, 1917.

Entelman brought suit against Harms on an account for rent, alleging that on September 1, 1911, he leased certain described premises in Savannah to one Renken for a term of five years, beginning on that date and ending August 31, 1916. The rent was payable monthly on the first day of each month. Renken was adjudicated a bankrupt, and the trustee in bankruptcy, after obtaining an order from the referee, on January 24, 1914, sold certain assets of the bankrupt, including the unexpired term of said lease. Harms purchased the assets, including the unexpired term of the lease, and received from the trustee a bill of sale, or transfer, a copy of which was attached to the petition. Harms took possession of the property and occupied the premises under said bill of sale, or transfer, paying rent therefor from the date of his purchase to May 1, 1916, at the rate of $100 a month. Harms has failed and refused to pay said rent from May 1, 1916, to August 31, 1916, though requested to do so, and is now indebted to petitioner in the sum of $400. The defendant demurred to the petition, because it does not allege that defendant was in possession of the property between the first of May and the first of September, 1916, and because it sets forth no cause of action. The trial judge overruled the demurrer, and the defendant excepted.

*Osborne, Lawrence & Abrahams,* for plaintiff in error.

*Wilson & Rogers,* contra.

HARWELL, J. The petition set forth a cause of action. The contract is not set out, and we can not tell whether it was simply a contract of rental with only a usufruct to the tenant, or whether it conveyed an estate for years. The former would not be subject to levy and sale. Civil Code (1910), § 3691. The latter would be, as any other estate. Civil Code (1910), 3687; *Clark* v. *Herring,* 43 *Ga.* 226 (2). The petition refers to it as a lease for five years, and a lease proper is an estate for years. Civil Code (1910), § 3690; *Schofield* v. *Jones,* 85 *Ga.* 816, 823 (11 S. E. 1032). In the instant case the unexpired term of the lease has been sold

and the sale assented to by the landlord, evidenced by his letting the purchaser remain in possession, receiving rent from him, and bringing suit for the rent during the unexpired term. That being true, it does not lie in the mouth of the purchaser to say that the unexpired term was not subject to levy and sale, and that he is only a tenant at sufferance, and can leave the premises whenever he wills, and so relieve himself of the obligation to pay the rent. The provision in § 3691, supra, that the usufruct is not subject to levy and sale is a statutory provision in favor of the landlord. It was not so at common law. *Hudson* v. *Stewart,* 110 *Ga.* 37, 40 (35 S. E. 178). The landlord in this case waives the right and assents to the sale. Compare Kanawha Gauley Coal &c. Co. *v.* Sharp, 73 W. Va. 427 (80 S. E. 781, 52 L. R. A. (N. S.) 968, Ann. Cas. 1916E, 786). The purchaser, therefore, will not be heard, after he has purchased the unexpired term and taken possession of and held the premises under the contract of lease, and thereby enjoyed the fruits of the contract, to contend that he is not bound by its terms. By electing to hold under it he will be held to assent to its terms. He can not assent in part and repudiate in part; upon the same principle that a principal can not ratify in part and repudiate in part. Civil Code (1910), § 3593; *Hunter* v. *Stembridge,* 17 *Ga.* 243; *Howard* v. *Cassels,* 105 *Ga.* 412, 418 (31 S. E. 562, 70 Am. St. R. 44). "A judicial sale of a lease imposes on the purchaser the obligation of paying to the lessor the rent accruing after the sale according to the terms of the lease; and this is true whether or not the purchaser enters into possession." 24 Cyc. 1181 (5); D'Aquin *v.* Armant, 14 La. Ann. 217; McCean *v.* Caldwell, 107 Tenn. 138 (64 S. W. 16); Smith *v.* Brinker, 17 Mo. 148 (57 Am. Dec. 265); People *v.* Dudley, 58 N. Y. 323; Sutliff *v.* Atwood, 15 Ohio St. 186. A purchaser of a leasehold interest at a judicial sale is bound to perform the covenants of the lease for the payment of rent as an assignee of the term. Note in Ann. Cases 1916E, 821. And he can not relieve himself from liability for the rent by abandonment of the premises. Note in Ann. Cases 1916E. 805. See also 16 R. C. L. 363, 367; Wood's Landlord and Tenant, §§ 334, 348. On no theory could Harms be a tenant at sufferance, under the facts alleged. See the excellent opinion of Mr. Justice Cobb in *Willis* v. *Harrell,* 118 *Ga.* 906, 909 (45 S. E. 794). It was not necessary for the petition to allege possession of

the premises by the defendant, as is contended in the demurrer. The petition set forth a cause of action, and the court did not err in overruling the demurrer thereto.

*Judgment affirmed.   Broyles, P. J., and Bloodworth, J., concur.*