14507.  COOK *v.* McARTHUR *et al.*

BELL, J. The owners of a certain store building entered into a written agreement, termed a "lease contract," with a corporation and an individual, whereby the premises were "rented and leased" for a period of nine years at a fixed monthly rental. The contract provided that the lessees would pay for all repairs, and that the lessors should "not be liable for any expense whatever on, in, or about the premises except for State, county, and municipal taxes and fire insurance on building;" that in case of bankruptcy or insolvency proceedings involving the lessees, the lessors at their option might declare the contract void and retake possession of the property; and that no judicial officer should acquire any right, title, or interest in the property by virtue of the contract. The lease contained a covenant that the lessees should "not sublet said premises, or any part thereof, without the written consent" of the lessors, and a provision that, on the failure of the lessees "to perform any part of this contract," the lessors had the option "to declare this lease void, cancel the same, and take possession of the premises." There was no covenant or stipulation against an assignment by the lessees or either of them. The corporate lessee subsequently executed to its individual colessee a written assignment of all of its "rights, title, and interest in the said lease and the premises described therein." It appears that about seven weeks thereafter the lessors evicted the lessees by taking charge of the property and renting it to other persons. The individual colessee, claiming the entire contract rights, filed suit against the lessors for the alleged eviction and breach of contract, claiming as damages the difference between the contract rental value and the actual rental value for the period of the lease. The defendants filed general and special demurrers, the former based upon the grounds "that the alleged transfer of the said lease as set forth . . constitutes an assignment without the consent of the parties defendant, and a breach of the said contract of lease on the part of the plaintiff, the lease being joint and not several or severable, and

such transfer being in violation of the terms of said lease, as well as violation of the legal rights of these defendants under the law," and that "the attempted assignment of the lease in itself constitutes a breach of the contract of lease, which would justify the defendants in evicting the plaintiffs." The petition was also attacked for nonjoinder of parties plaintiff, upon the ground that, the transfer being ineffectual and void, the lease remained jointly in the cotenants, and the corporate lessee was not made a party. The plaintiff excepted to the following judgment: "The general demurrer, original and amended, is sustained, and the plaintiff's petition dismissed." No judgment was entered on the special demurrers. *Held:*

1. As a general rule, the action on a contract must be brought in the name of the party in whom the legal interest in such contract is vested. Civil Code (1910), § 5516. Assuming for the purpose of this decision, but not deciding, that the contract of lease here involved conveyed only a usufruct, and was not assignable as against the rights of the owners, and that the suit for a breach of the contract against the owners should have been brought in the name of each of the tenants in common, instead of by one of them only, who was also the assignee of the other tenant (see Civil Code of 1910, § 5518), still such a defect, if it be a defect, could only be taken advantage of by a timely special demurrer. Civil Code (1910), §§ 6285, 5630; *Hunt* v. *Doyal,* 128 *Ga.* 416 (3), 420 (57 S. E. 489); *Hughes* v. *Hughes,* 72 *Ga.* 173 (2); *Hightower* v. *Mustian,* 8 *Ga.* 506 (3), 510; *Hand* v. *Dexter,* 41 *Ga.* 454, 464; *Ray* v. *Pitman,* 119 *Ga.* 678 (2), 682 (46 S. E. 849); *Eagan* v. *Conway,* 115 *Ga.* 130 (6) (41 S. E. 493); *Plant System* v. *Dickerson,* 118 *Ga.* 647, 648 (45 S. E. 483). Here, since the order of dismissal was expressly based upon the general demurrer, "the special grounds will not be considered, but will be left to subsequent determination by the trial court." *Willingham* v. *Glover,* 28 *Ga. App.* 394 (1) (111 S. E. 206); *Linder* v. *Whitehead,* 116 *Ga.* 106 (42 S. E. 358); *Simpson* v. *Sanders,* 130 *Ga.* 265, 271 (60 S. E. 541). The rule is otherwise where the trial judge, "without specifying the grounds or the basis of his decision, passes a general order sustaining the demurrer and dismissing the petition," in which event "the judgment will be treated as sustaining the entire demurrer upon all its grounds, and the special as well as the general grounds must be considered on review if the petition is not subject to the latter." *Willingham* v. *Glover,* supra; *McLaren* v. *Williams,* 132 *Ga.* 352 (2) (64 S. E. 65); *Herring* v. *Smith,* 141 *Ga.* 825 (4) (82 S. E. 132).

2. Irrespective of whether the nine-year lease conveyed only a usufruct, and of whether, even without any contractual prohibition upon their right so to do, the joint lessees were not authorized to assign their interests even to one another (see, in this connection, Civil Code of 1910, §§ 3691, 3685, 3687, 3722, 3723, 3724; *Hutcheson* v. *Hodnett,* 115 *Ga.* 990, 993, 994 (42 S. E. 422); *Schofield* v. *Jones,* 85 *Ga.* 816, 823 (11 S. E. 1032); *Collier* v. *Hyatt,* 110 *Ga.* 317 (2) (35 S. E. 271); *Robinson* v. *Perry,* 21 *Ga.* 183, 185, 186 (68 Am. Dec. 455); *Garner* v. *Byard,* 23 *Ga.* 289 (68 Am. Dec. 527); *DeFoor* v. *Stephens,* 133 *Ga.* 617, 619 (66 S. E. 786); *Walker* v. *Wadley,* 124 *Ga.* 275, 278, 284, 285 (52 S. E. 904); *Wilson Mfg. Co.* v. *Chamberlin-Johnson-DuBose Co.,* 140 *Ga.* 593

(4) (79 S. E. 965); *Harms* v. *Entelman*, 21 *Ga. App.* 295 (94 S. E. 276); 16 Ruling Case Law, 828, 833), yet, since each of the joint lessees, as a tenant in common, was equally entitled under the lease to the right of possession against the owners (see Civil Code of 1910, §§ 3723, 3724; *King* v. *Neel*, 98 *Ga.* 438, 441 (25 S. E. 513, 58 Am. St. Rep. 311); *Hale* v. *Hale*, 28 *Ga. App.* 509 (1) (111 S. E. 740); 7 R. C. L. 820-822, 817 § 10, 891, 893), unlike the assignee in *Bass* v. *West*, 110 *Ga.* 698 (5), 705 (36 S. E. 244), and could not be summarily ousted by the landlords as a mere intruder, the attempted assignment by one of the cotenants, of his interest in the lease to the other, would not annul the rights of the latter under the contract, where it contained no provision for such a forfeiture in case of such an attempt, or even prohibiting such an assignment. 16 R. C. L. 1115, 1125, 831, 838, 848.

3. A provision in a lease for a forfeiture of the term in case of breach of a stipulation against subletting will ordinarily be enforced, even where such subletting is from one tenant in common to another; but if the lease merely stipulates against subletting, with a forfeiture therefor, an assignment, being distinct from a subletting, is not a breach of a covenant against the latter. 16 R. C. L. 870, 832, 1124, 1125. Provisions in leases for forfeitures are to be strictly construed. 16 R. C. L. 1116.

4. The instant petition, under the rules stated, not being subject to the general demurrer, it was error to sustain the same.

> *Judgment reversed. Jenkins, P. J., and Stephens, J., concur.*
> Decided November 27, 1923.

Action for breach of contract; from city court of Atlanta—Judge Reid. March 5, 1923.

*Burress & Dillard,* for plaintiff.

*McDaniel & Neely, Mitchell & Mitchell,* for defendants.