## 18347. COX v. HOWELL.

1. A lease can not be conveyed except by the landlord's consent.
2. A trustee in bankruptcy of a lessee has only the same rights and interest that the tenant has under the contract of lease, and can not enforce a different contract. The instant contract provides for subleasing, but has no provision for an assignment thereof. The lessee could not assign his lease without the consent of his landlord, and neither could the trustee in bankruptcy. The transferee of the lease in the instant case received nothing and had no right of action for the alleged breach of the lease contract. The cross-action set forth no cause against the plaintiff, since the alleged cause asserted in the cross-action did not arise under the contract, but arose under an alleged parol agreement. Nor were the damages alleged in the cross-action such as were recoverable.
3. The trial court properly struck the plea of counter-claim and set off, and the judge of the superior court erred in sustaining the certiorari.

DECIDED JANUARY 7, 1928.

Certiorari; from Fulton superior court—Judge Humphries. May 31, 1927.

Application for certiorari was made to the Supreme Court.

*Burress & Dillard, T. B. Clarkson,* for plaintiff.

*John I. Hynds, Herman Heyman,* for defendants.

LUKE, J. W. S. Cox sued Continental Oil Company and Hugh Howell on a note for $300. The company was not served, and the case proceeded against Howell alone. The sole question for determination here is whether or not the judge of the superior court erred in reversing the judgment of the appellate division of the municipal court of Atlanta on certiorari and holding that, as against a general demurrer, the defendant's plea set out a valid defense to the action.

---

Bankruptcy, 7 C. J. p. 228, n. 67 New.
Landlord and Tenant, 35 C. J. p. 977, n. 80.

In his plea as amended the defendant alleged that Continental Oil Company, as lessee, and W. S. Cox, as lessor, entered into a contract of lease of described property, whereby the lessee agreed to pay the lessor a monthly rental of $75, for a term beginning May 24, 1924, and ending May 24, 1934; that under the terms of the lease, and, as a part of its consideration. the lessee agreed to erect upon the described premises a filling station, and to place thereon certain other property,—all of which it had done at an expense of $5000; that although the lease provided that the rent was due on the first day of each month in advance, and that after thirty days default in the payment of rent the lessor had the right to cancel the lease, yet in accordance with an understanding between them the parties to the lease disregarded this provision from the beginning, and the lessee was several times permitted to pay the rent from two to four months after it was due; that on or about May 29, 1925, when the rent was three months in arrears and an additional month's rent would be due June 1 thereafter, the lessor agreed that if the lessee would give its thirty-day note for $300, he would "extend to the Continental Oil Company an additional four months for the payment of said sum then due and to become due, and would disregard the provisions for cancellation of said lease as contained therein;" that the said note was executed in accordance with this agreement and delivered to petitioner; that on or about July 13, 1925, an involuntary petition in bankruptcy was filed against the lessee, and that subsequently it was adjudicated a bankrupt; that on or about July 14, 1925, petitioner, without any agreement with either the lessee or its receiver, and without any notice to either of said parties, forcibly re-entered said premises and took possession of the same, and prevented the lessee or its said receiver from regaining possession thereof; that at said time the lessee had fully complied with all the provisions of the lease; that the lessor had by express agreement and by custom departed from the terms of said lease permitting a cancellation thereof for non-payment of rent then in arrears, and had given no notice of his intention to insist upon the same; that the act of the lessor in so taking possession of the premises was a breach of the said lease agreement; that at the time of said breach the leased premises, with the improvements made thereon by the lessee, "had a market value in excess of the

value set forth in said lease contract in excess of the sum of $2500," but that the defendant waived any claim for damages arising by virtue of said lease contract in excess of $2500; that on August 20, 1925, the duly qualified trustee in bankruptcy of the lessee, for a valuable consideration, sold and transferred "the above chose in action vested in said trustee because of the breach of said lease" to one Hynds, who, in turn, transferred, assigned, and conveyed "all his right and interest in said chose in action" to the defendant. The defendant prayed judgment against the plaintiff "for the excess in the amount of damages to which he is entitled because of the breach of said contract over and above the amount to which petitioner is entitled in said cause."

For the purposes of this decision the nature of the contract in question sufficiently appears from the defendant's plea. Whether or not the contract under consideration created in the lessee a mere usufruct which under section 3691 of the Civil Code (1910) could not be assigned except by the lessor's consent, or an estate for years which was assignable, is presented for determination. In other words, did the defendant's plea set forth a cause of action against the plaintiff, and did he have a right of action on the contract referred to in his plea? After a careful study of the record and of the authorities it is held:

1. The lease could not be conveyed except by the landlord's consent. Civil Code (1910), § 3691; *Cook* v. *McArthur,* 31 *Ga. App.* 248 (2) (120 S. E. 551).

2. The trustee in bankruptcy proceedings has the same rights and interest only that the tenant has (in a case of landlord and tenant), and can enforce no contract except the one had by the tenant. The instant contract provides for subleasing, but has no provision for an assignment thereof. The lessee could not assign his lease without the consent of his landlord, and neither could the trustee in bankruptcy. It follows that when the defendant, Howell, received a transfer of the lease, he received nothing, and had no right of action for the alleged breach of the lease contract. The defendant's cross-action set forth no cause of action against the plaintiff, since his alleged cause of action did not arise under the contract but arose under an alleged parol agreement. Nor were the damages alleged in the cross-action such as were recoverable. *Walker* v. *Wadley,* 124 *Ga.* 275 (5) (52 S. E. 904).

3. The trial court properly struck the plea of counter-claim and set-off, and the judge of the superior court erred in sustaining the certiorari.

*Judgment reversed. Broyles, C. J., and Bloodworth, J., concur.*