EASTERLING, administrator, *et al. v.* BURKHALTER *et al.*

No. 8277. JANUARY 12, 1932.

C. L. *Cowart*, for plaintiff in error.    W. T. *Burkhalter*, contra.

HILL, J.    P. L. Burkhalter and others, as heirs at law of Mrs. J. B. Waters, brought suit against R. D. Easterling, administrator of the estate of Mrs. J. B. Waters, and his bondsmen, for an accounting and for judgment in a stated sum.    It is alleged that the administrator has received large sums of money and has not accounted for the same; that he has not made proper returns of his management of the estate, and that the returns that he has made are erroneous; and that he sold real estate for $6,000, and has not accounted for this amount.    By way of answer the defendants deny the material allegations of the petition.    As to the item of $6,000 received for the sale of real estate, they say that this sale was a private sale, and that the bondsmen are not liable on the bond of the administrator, and the administrator claims he is not liable as

administrator for this sum. It is averred that the property was put up for sale, and it was agreed between the administrator and the heirs that unless the property was bid in at $6,000 or more, it should not be sold. The property did not bring $6,000 at the sale, one of the heirs bidding in the property. It is averred that by agreement with certain of the heirs the property should be sold at private sale if the sum of $6,000 could be secured. The property was subsequently sold for $6,000, the bid of the successful bidder being transferred to another for the required amount. The plaintiffs claim that none of the heirs agreed to such a private sale.

A demurrer filed to the petition as amended was overruled. The case was referred to an auditor who reported his findings of fact and of law. Exceptions of fact and of law to the report were filed by the defendants, who insisted that the exceptions of fact should be submitted to a jury. The court confirmed the report of the auditor, disallowed the exceptions of fact, overruled the exceptions of law, and rendered judgment in favor of the plaintiffs, jointly and severally, for the amounts due them by the administrator. The defendants excepted to this judgment and assign error thereon.

Only one phase of this case need be considered specially, and that is on the findings of fact and of law with reference to the sale of the land by the administrator. The auditor reported in part as follows: "I find that on February 9, 1927, said R. D. Easterling as permanent administrator of the estate of Mrs. J. B. Waters, did receive the further sum of $6,000 from the sale of the lands of said estate, the same to be accounted for by him as such administrator." The finding of law was in accordance with this finding of fact. For cause of exception the defendant says that the finding is not sustained or authorized by the evidence, is contrary to the evidence and without evidence to support it. We are of the opinion that the finding of fact is supported by the evidence and that the finding of law is correct. The evidence with reference to these findings is substantially as follows: Easterling as administrator obtained an order for sale of the land for distribution among the heirs of the estate, and advertised the land for sale. It was agreed between him and the heirs, prior to offering the land for sale, that unless it brought $6,000 it was not to be considered a sale, but was to be bid in for the estate. When the land was exposed for sale, the highest bid received was

$5100. It was made by C. C. Allen, the husband of one of the heirs. No higher bid was received, and the property was knocked off to Allen. Later R. E. Kicklighter agreed to buy part of the land for $4200, and W. A. Todd agreed to buy the remainder for $1800, which made the aggregate of $6,000, which the heirs agreed to take. Allen transferred his bid made at the sale to Kicklighter and Todd, and Easterling as administrator made deeds to Kicklighter and Todd, receiving the sum of $6,000 therefor. Easterling collected the proceeds of these sales, and the heirs accepted a portion of these proceeds. In these circumstances it is the contention of Easterling and the sureties on his bond that the above transaction did not amount to a public sale of the lands, but that the excess of the bid at the public sale was a private sale by Easterling, and therefore that the heirs of the estate of which Easterling is administrator can not claim their pro rata part of the excess of the bid made at the public sale, but that they must look to Easterling as a private individual for this excess. To this we can not agree. When Easterling as administrator received the sum of $6,000, he should be considered as having received it as administrator, or trustee, for the heirs, and he and his sureties on his bond are bound thereby for whatever amount came into his hands from the sale of the property belonging to the estate of his intestate. The findings of fact of the auditor were therefore authorized by the evidence, and his findings of law based on these facts were also authorized; and the court did not err, for any reason assigned, in entering up judgment against the administrator and the sureties on his bond, for the amount included in the judgment. The other exceptions of law and of fact are without merit.

*Judgment affirmed. All the Justices concur.*