BURKHALTER *et al. v.* PEOPLES BANK.

PER CURIAM. 1. "As a general rule, a bank may assume that a trustee will apply money deposited by him to its proper purposes under the trust, and is not accountable for any misappropriation of trust funds in which it does not participate; but a bank can not, without incurring liability to the true owner, knowingly appropriate to the satisfaction of a debt due to it by another trust funds deposited with it by him after the creation of such debt." *American Trust &c. Co. v. Boone,* 102 *Ga.* 202 (29 S. E. 182, 40 L. R. A. 250, 66 Am. St. R. 167); *Miller v. Gibbs,* 161 *Ga.* 698 (5) (132 S. E. 626).

2. "All persons aiding and assisting trustees of any character, with a knowledge of their misconduct, in misapplying assets, are directly accountable to the persons injured." Civil Code (1910), § 3784. Where an administrator has misappropriated funds of which he was in charge as such trustee, an action to trace and recover such funds from the person alleged to have received the same from the administrator may be brought by the heirs at law in their own names. In such a case it is not necessary that the suit should be brought by an administrator or other official representative of the estate. This ruling is not in conflict with such decisions as *Smith v. Smith,* 141 *Ga.* 629 (7) (81 S. E. 895),

and *Denny* v. *Gardner*, 149 *Ga*. 42 (99 S. E. 27), but is in harmony therewith.

3. "A defect in a petition resulting from a nonjoinder of proper parties can not be taken advantage of by general demurrer." *Ray* v. *Pitman*, 119 *Ga*. 678 (2) (46 S. E. 849). The petition alleges that the plaintiffs were some of the heirs at law of the estate. If these plaintiffs themselves were proper parties and as such were entitled to participate in maintaining the action, it was not a good ground of general demurrer that other heirs at law were not joined as plaintiffs. *Hunt* v. *Doyal*, 128 *Ga*. 416 (3) (57 S. E. 489); *Cook* v. *McArthur*, 31 *Ga. App*. 248 (120 S. E. 551), and cit.

4. Under the rulings made above, the petition stated a cause of action, and it was error to dismiss the same on general demurrer. It appearing from the record that the order sustaining the demurrer was limited to the general grounds, the special grounds of demurrer will not be considered by this court, but will be left for subsequent determination by the trial court. *Willingham* v. *Glover*, 28 *Ga. App*. 394 (111 S. E. 206), and cit. *Judgment reversed. All the Justices concur.*

No. 8700. SEPTEMBER 26, 1932.

*W. T. Burkhalter,* for plaintiffs. *P. M. Anderson,* for persons at interest, not parties of record.

*J. T. Grice,* for defendant.