PEOPLES BANK *v.* BURKHALTER *et al.; et vice versa.*

864

*Eason & Everitt,* for Peoples Bank.
*W. T. Burkhalter* and *P. M. Anderson,* contra.

Russell, C. J.   Some of the issues involved in the present writ of error have several times been before this court.   The original plaintiffs, now defendants in error in the main bill of exceptions in the case at bar, are heirs at law of Mrs. J. B. Waters, who died intestate in 1925.   The litigation had its origin in a rule brought by these heirs at law, asking a settlement by one R. D. Easterling, who had been appointed administrator of Mrs. Waters' estate.   The judgment of the court of ordinary was appealed to the superior court.   It is not necessary to refer to the appeal, because the petitioners filed an equitable petition against the administrator and his bondsmen.   While this suit was pending, the plaintiffs by amendment prayed that the Peoples Bank of Glennville be made a party defendant.   Demurrers to this amendment were sustained by the trial court, and upon exceptions to this ruling this court held that the writ of error sued out by the plaintiffs was prematurely brought.   *Burkhalter* v. *Peoples Bank,* 169 *Ga.* 645 (151 S. E. 389).   Thereafter the heirs of Mrs. Waters filed a separate action against the Peoples Bank, which the trial court dismissed on general demurrer; and this court reversed that judgment.   *Burk-*

*halter* v. *Peoples Bank,* 175 *Ga.* 744 (165 S. E. 749). The original suit filed by the heirs against the administrator and his bondsmen resulted in a judgment in favor of the plaintiffs, which judgment this court affirmed. *Easterling* v. *Burkhalter,* 174 *Ga.* 97 (162 S. E. 137). After the return of the remittitur reversing the dismissal of the action against the Peoples Bank, as reported in 175 *Ga.* 744, the court referred the case to an auditor. The auditor found against some of the contentions of the plaintiffs, but he found that they were entitled to recover from the bank $2248.23, with interest since May 2, 1925, and, in view of the refusal of the bank to pay anything to the heirs of Mrs. Waters in more than eight years during which the bank was cognizant that it was withholding funds to which plaintiffs were justly entitled, awarded $400 against the bank as attorney's fees. Exceptions to the report of the auditor were filed by the bank. The plaintiffs also filed exceptions to this report, alleging that the auditor should have awarded them sums of money additional to the $2248.23. The judge of the superior court sustained the report of the auditor in toto, after having overruled the exceptions of both parties.

After careful consideration of the evidence upon which the auditor's report is based, and of the exceptions of both parties so far as the exceptions themselves require any examination of the evidence, we have reached the conclusion that the court did not err in overruling the exceptions of both parties and in rendering the decree. The main bill of exceptions alleges that the court erred in overruling exceptions to the auditor's report instead of approving them, from which it follows naturally as a consequence that the court erred in rendering the decree awarding to the plaintiffs the sums mentioned.

The exceptions to the auditor's report filed by the defendants are clearly without merit. They apparently proceed upon the theory that officials of a bank (whose duty it is to keep apprised of its acts and doings, so as not to be wholly ignorant, perhaps intentionally) will be wholly absolved from all responsibility as officials in charge of a bank by remaining ignorant of those things which in the interest of the public it is their duty to know, and of which by law they are charged with notice and knowledge. The adoption of such a theory is not sanctioned by the law. There were various circumstances in the evidence before the auditor which authorized him to

find that some of the testifying witnesses were not altogether as innocent or ignorant as the testimony, taken disconnected from other evidence, would seem to import. Sometimes no one is so blind as one who will not see. This court has several times held that in handling the funds of a bank the cashier is the active hand of the corporation. His knowledge will certainly be imputed to the bank in transactions such as involved in this case, done solely for the benefit of the bank, regardless of whether there was an actual conspiracy between him and any one of the directors who did testify. But the books of the bank, with not only the opportunity afforded the directors to have been informed, but their duty to be informed, were sufficient as matter of law to authorize the finding of the auditor and to have the approval of the judge of the superior court. Counsel for the bank seem to rely upon the contention that the evidence is insufficient to authorize the finding of the auditor, in view of the fact that there is a specific prayer for discovery on the part of the plaintiffs, and the rule applicable in such a case, requiring that answers to prayers for discovery must be rebutted by two witnesses, etc. An examination of the prayers for discovery, and of the answer of the defendant, discloses that no answer was made to these specific prayers. The answer denied, as it must have done had there been no prayer for discovery, that the defendant was indebted in even a single cent to the plaintiffs; and there were other similar general denials. Some of the questions propounded, as to which discovery was prayed, may seem to be irrelevant or impertinent. But there does not appear to have been any motion on the part of the defendant to strike these prayers. Some of the questions asked tend to elicit information which might have been of great assistance to the court in developing the truth as to the quantum of notice or knowledge that the various officials of the bank had in the course of the transactions during which the cashier, according to his own testimony, was confessedly engaged in embezzlements. One who, without having made any motion to strike matters as to which discovery is prayed, upon the ground that the questions propounded are immaterial, irrelevant, impertinent, or scandalous, or upon some other substantial lawful ground, declines to answer these questions, can not claim the benefit provided by the Code, § 4547, which requires him who prays discovery to rebut by two witnesses, or one witness and corroborating evidence,

disclosures made in answer to such questions. The defendant invokes the benefit of the rule without having answered the questions. Consequently no rebuttal of any kind could be required of plaintiffs.

The court did not err in overruling the exceptions of the plaintiffs. There seems to have been no effort made to comply with the rule which requires evidence referred to in exceptions to be embodied in the exceptions. A sentence is sometimes quoted from the evidence in these exceptions, and then the court is referred to named pages where the evidence to which reference is made may be found by an examination of the record. With such reference we are unable to judge of the merits of the exceptions. We therefore have no hesitation in presuming that the lower court did not err in overruling these exceptions.

*Judgment affirmed on both bills of exceptions. All the Justices concur.*