24597. BLACKMON et al. v. RICHMOND COUNTY.

SUBMITTED MAY 13, 1968—DECIDED JUNE 20, 1968.

*Claud R. Caldwell,* for appellants.

*Franklin H. Pierce,* for appellee.

ALMAND, Presiding Justice. Richmond County by its equitable petition sought to restrain and enjoin O. B. Blackmon and Barbara Blackmon from using their described lot of land in Richmond County in violation of the Comprehensive Zoning Ordinance of August-Richmond County Planning Commission.

It was alleged in the petition that: The described property of the defendants was on March 25, 1963, zoned R-1 for single family residences. The defendants are operating a trailer park on said property in violation of the zoning ordinance and have located on said property two house trailers which are less than 300 feet from the existing structures. Petitioners notified the defendants to cease and desist from operating said trailer park upon the said property. A copy of the zoning ordinance was attached to the petition.

The prayers of the petition were that the defendants be temporarily and permanently restrained from operating a trailer park upon said premises in violation of the zoning ordinance.

The defendants filed an answer to the petition as well as a plea of res adjudicata.

After a hearing on the plaintiff's prayer for an interlocutory injunction, the court sustained the plaintiff's motion to strike the plea of res adjudicata and enjoined the defendants from operating a trailer park upon the property described in the petition and from maintaining and keeping thereon any trailers or mobile homes, whether the same be with or without wheels.

The case is here on appeal from the above orders.

■ *The plea of res adjudicata.* The plea alleged that "heretofore, on Tuesday, February 14, 1967, defendants were tried in the City Court, Richmond County, Georgia, on a misdemeanor charge of violating the Comprehensive Zoning Ordinance of Augusta-Richmond County Planning Commission adopted March 25th, 1963, which charge and prosecution was based on the same statement of facts as contained in this civil proceeding. That said proceeding in the City Court terminated in a finding of Not Guilty as to these defendants.

"That said plaintiff herein made its election of its remedy on the facts in this case, and said finding of Not Guilty in said City Court was an adjudication on the facts relied on in the instant proceeding and in favor of these defendants."

The court did not err in striking this plea. The civil action here is not between the same parties that were in the criminal prosecution. There is a difference in the two proceedings as to the competency of witnesses and the weight of. evidence. *Cottingham v. Weeks,* 54 Ga. 275. The record in a criminal prosecution is no bar to a subsequent civil action arising from the same occurrence. *Webb v. McDaniel,* 218 Ga. 366 (2) (127 SE2d 900). An acquittal in a criminal proceeding for violation of a zoning ordinance is not res adjudicata in a civil proceeding for the enforcement of the zoning ordinance. 58 AmJur 1044, Zoning, § 190.

■ Enumeration of error 1 complains that the court erred in admitting in evidence the zoning ordinance. The proof of the

adoption of the zoning ordinance by the Board of Commissioners of Roads and Revenues of Richmond County was shown by the testimony of the clerk of the board that the copy offered in evidence was a true and correct copy of the ordinance on file in his office, and this was sufficient to allow its introduction in evidence. "A book of minutes of a town council may be identified by the testimony of the clerk of such council, who is the legal custodian of such book." *Stanley v. Hill,* 135 Ga. 711 (4) (70 SE 577).

■ On the hearing of the petition for temporary injunctive relief there was evidence that under the zoning ordinance a mobile home or house trailer is not a permitted use in an R-1 area in which the defendants' lot was located, that the defendants had two house trailers on their lot and that under the zoning ordinance a trailer park is the location of 2 or more trailers on one parcel of land. There was also evidence that in an R-1 area no trailer could be located within 300 feet of an existing residence and that a trailer on defendants' lot was located about 100 feet from an existing residence.

The trial judge under the evidence adduced at the hearing was authorized to find that the defendants were guilty of violating the zoning ordinance and did not err in granting an interlocutory injunction.

*Judgment affirmed. All the Justices concur.*