In re TAYLOR MANUFACTURING, INC. a/k/a Taylor Industries, a/k/a Taylor Industries Co., Debtor.

Bankruptcy No. 80–00721A.

United States Bankruptcy Court, N. D. Georgia, Atlanta Division.

March 5, 1980.

Ezra H. Cohen, Troutman, Sanders, Lockerman & Ashmore, Atlanta, Ga., for Trustee.

John Walter Drake, Michael Mears, McCurdy & Candler, Decatur, Ga., for Rockdale Industries.

## ORDER

W. HOMER DRAKE, Jr., Bankruptcy Judge.

On October 20, 1980, Joseph R. White, the trustee for the above–referenced debtor, filed an application for an order approving his assumption of the unexpired lease of the debtor with Rockdale Industries, Inc. ("Rockdale") and for an order approving his assignment of the unexpired lease to Durabond Products Company. Rockdale filed an objection to the trustee's application. The application and objection came before this Court for a hearing on October 27, 1980 and the matter was taken under advisement.

By lease, dated June 14, 1974, between Rockdale and Taylor Industries Division, Consolidated Foods Corporation, Rockdale leased certain real estate. On March 30, 1976, Consolidated Foods Corporation, with express consent of Rockdale, assigned the lease to Taylor Manufacturing, Inc. (hereinafter "Taylor"). The lease gives Taylor an option to purchase the land and facility for the lump sum of $390,000.00 on November 1, 1984. It also contains a provision (clause 14) under which Rockdale can terminate the lease if a bankruptcy petition is filed by or against Taylor and is not dismissed within thirty days after Taylor has notice of the filing.

■ On October 7, 1980, Rockdale, without seeking relief from the automatic stay, attempted to terminate the lease under the terms of clause 14. Rockdale argues that the termination of the lease was effective notwithstanding 11 U.S.C. § 365(e) because it is not an "ipso facto" clause. This argument has no merit. The clause under which Rockdale has attempted to terminate the lease is clearly "a provision in such contract or lease that is conditional on the commencement of a case under this title." 11 U.S.C. § 365(e)(1)(B). The provision allowing Taylor thirty days to have the case dismissed does not change the nature of the clause. It remains a clause which "per-

mit[s] the other contracting party to terminate the contract or lease in the event of bankruptcy." H.R.Rep.No.95–595, 95th Cong., 1st Sess. (1977) 348, U.S.Code Cong. & Admin.News, 1978, pp. 5787, 6304. The Court finds the attempted termination of the lease by Rockdale to have no effect under the express terms of 11 U.S.C. § 365(e)(1)(B).[1]

■ Having determined that the lease remains in force, it is necessary to decide whether the lease is assignable. The essential issue between the parties is whether assignment of this lease without the consent of Rockdale is allowed under 11 U.S.C. § 365(f) or forbidden under 11 U.S.C. § 365(c) by operation of Georgia law. If § 365(c) applies, then:

"The trustee may not assume or assign an ... unexpired lease of the debtor ... if—

(1)(A) applicable law excuses a party, other than the debtor... from rendering performance to the trustee or an assignee of such contract or lease ...; and

(B) such party does not consent to such assumption or assignment."

Rockdale argues that the lease in question created a usufruct rather than an estate for years. A usufruct is not assignable without the consent of the lessor in Georgia. *Cox v. Howell,* 37 Ga.App. 596, 141 S.E. 82 (1927). Therefore, if 11 U.S.C. § 365(c) is the controlling provision of federal law and the lease created a usufruct under the applicable state law, then the trustee cannot assign it without Rockdale's consent.

The trustee argues that the controlling provision of the Bankruptcy Code is 11 U.S.C. § 365(f). This provision states:

"Except as provided in subsection (c) of this section, *notwithstanding a provision* in an executory contract or unexpired lease of the debtor or *in applicable law,* that prohibits, restricts, or conditions the assignment of such contract or lease, the

---

1. The alleged termination was also void because it was attempted in violation of the automatic stay 11 U.S.C. § 362(a)(3). See, e. g. *Kalb v. Feuerstein,* 308 U.S. 433, 60 S.Ct. 343, 84 L.Ed. 370 (1939). The issue of contempt was not raised by the parties and will not be raised here sua sponte.

trustee may assign such contract or lease . . ." 11 U.S.C. § 365(f)(1) [emphasis added].

It is obvious from the construction of these two provisions that subsection (f) is intended to represent the general rule while subsection (c) is an exception to that rule. See e. g. 1A Sutherland, *Statutory Construction* § 20.22, p. 74 (4th ed. 1972). In other words, generally, a trustee can assign an unexpired lease, notwithstanding applicable law to the contrary, except when subsection (c) applies. The question is whether it applies here.

Rockdale has given no reason why either the rule or the exception should apply other than the assertion that the application of the exception would further its cause. The position of the trustee is that the exception of subsection (c) should apply only to executory contracts "of such a nature as to be based upon personal services or skills, or upon personal trust or confidence." 2 *Collier on Bankruptcy* ¶ 365.05, p. 365–33 (15th ed. 1980). An example of the effect of the exception, given at the hearing, is the situation in which the debtor is a world famous opera singer. It would be inequitable to require a promoter, who had contracted with the singer, to accept performance from the average trustee or assignee. The Court finds that the exception to the general rule of the assignability of contracts was intended by Congress to be applied narrowly and to such circumstances as contracts for the performance of nondelegable duties.[2]

This is not such a case. The lease is of real property to be used for warehousing and light manufacturing and the performance to be tendered to Rockdale as rent. An appropriate assignee can perform as well as Taylor. The injury which Rockdale would incur in accepting rent checks tendered by U. S. Gypsum rather than from Taylor is not as readily apparent to the Court as the harm which might befall the hapless promoter and his patrons if required to accept the performance of the trustee or his assignee. It is clear that the lease in question falls within the purview of the general rule of 11 U.S.C. § 365(f) rather than the exception of § 365(c).

Having determined that § 365(f) applies, it follows that the question of whether a usufruct or an estate for years was created by the lease need not be addressed since § 365(f)(1) preempts both state law and any contract or lease terms barring assignment.

The remaining issues involve questions raised by Rockdale concerning the trustee's compliance with § 365(f)(2). That subsection provides:

"The trustee may assign an executory contract or unexpired lease of the debtor only if—

(A) the trustee assumes such contract or lease in accordance with the provisions of this section; and

(B) adequate assurance of future performance by the assignee of such contract or lease is provided, whether or not there has been a default in such contract or lease." 11 U.S.C. § 365(f)(2).

Testimony admitted at the hearing indicated that the trustee has provided adequate assurance of performance by the assignee. The assignee, Durabond Products, is a wholly–owned subsidiary of U. S. Gypsum. The consolidated financial statement of the companies indicated 1979 gross sales in excess of $1.5 billion and a 1979 calendar year end net worth in excess of $660 million. Further testimony indicated that the assignee has a history of paying its debts. The Court, therefore, finds that the trustee has complied with 11 U.S.C. § 365(f)(2)(B).

The trustee must also assume the lease in accordance with the provisions of the law. See 11 U.S.C. § 365(a) and (b). The Court

2. The drafters' apparent intent was stated as follows:

"Second, executory contracts requiring the debtor to perform duties *nondelegable* under applicable nonbankruptcy law should not be subject to assumption against the interest of the nondebtor party."
Commission Report, H.R.Doc.No.93–137, 93d Cong., 1st Sess. (1973), p. 199. [emphasis added].

finds that the trustee has provided adequate assurance that he will promptly cure any currently existing defaults. No actual pecuniary loss from existing defaults has been shown by Rockdale and Rockdale is adequately assured of future performance under the lease. The Court finds that the trustee has assumed the lease in accordance with the law. Therefore, the objection of Rockdale is overruled.

Rockdale has also filed an adversary proceeding requesting a modification of the automatic stay provisions of 11 U.S.C. § 362. Without becoming involved in the issues raised by that adversary proceeding, the Court notes that the issues determined here will be precluded from collateral review and certain claims which could otherwise be litigated will have been decided.

It is hereby ORDERED and ADJUDGED that the objection filed by Rockdale shall be and is denied.

It is FURTHER ORDERED and ADJUDGED that the trustee's application to assume and assign the subject lease agreement shall be and is approved.